STATE *v.* RICHARD DAVIS and another.

It is a settled principle, that when a thing is done by a tribunal, having juris-
diction of the subject matter, its action cannot be impeached collaterally,
for any irregularity or error in the proceeding, and must be taken as valid
*de facto,* if not *de jure,* until it be set aside or reversed by some direct pro-
ceeding for that purpose.

A road, laid off by commissioners, under an order of a Township Board of
Trustees, who appoints an overseer of the same, is a public highway, and its
wilful obstruction is a misdemeanor.

(*State* v. *Spainhour,* 2 Dev. & Bat. 547, cited and approved.)

CRIMINAL ACTION, tried at the Fall Term, 1872, of ROWAN
Superior Court, before *Cloud, J.*

The indictment was for obstructing a public highway, and
on the trial the jury found the following special verdict :

" That an application was made by sundry persons, more
than six, to the Board of Township Trustees of Atwell's
Township, in Rowan county, praying for the establishment
of a public highway, between the points indicated in their
petition. That said Board granted the prayer of said pe-
tition on the 3d day of June, 1871. By another order, the
Commissioners therein specified laid off said road, and made
a report of their action in that behalf, which was confirm-
ed, and one McLean appointed overseer, on the 3d day
of ——, 1871.

That in April, 1872, the defendants placed obstructions
across the said road, and thereby prevented its being used
and enjoyed by the public. They, the defendants, were the
owners of the land thus obstructed. The names of the de-
fendants were signed to the petition, and one of them, Rich-
ard Davis, was appointed one of the Commissioners, and his
name is signed to the report. There was no evidence either
way as to the handwriting of the defendants."

The jury further found : " that the road crosses the land
of a family of several persons, named Frontis, and that none
of them were served with copies of the petition, and only

one of them, K. C. Frontis, signed it as a petitioner; that they were tenants in common, and the said K. C. Frontis was in the habit of attending to their affairs; and that all but one of them assented verbally to the prayer of the petition, there being no positive dissent by any of them. That one of said tenants in common (the Frontises) is a minor. But whether upon the whole matter, the defendants are guilty of the misdemeanor, in the said indictment specified and charged upon them, the jurors are altogether ignorant, and pray the advice of the Court thereupon. And if, upon the whole matter aforesaid, it shall appear to the Court that they are guilty of the misdemeanor charged, then the jury finds them guilty. If upon the whole matter aforesaid, it should appear to the Court, that the defendants are not guilty as charged in said bill of indictment, then the jury finds them not guilty."

The original petition, order and report of the Commissioners, after objection, was read in evidence. On the part of the defendants, it was proved by parol evidence, the State objecting, that the road passed over the lands of certain tenants in common, but one of whom had received notice of the petition; and further, that Spring Grove, one of the *termini* of the road, was in Iredell county, a half mile from the Rowan line.

His Honor being of opinion, upon the facts found in the special verdict of the jury, that the defendants were not guilty, gave judgment, discharging them from custody, from which judgment the Solicitor of the State appealed.

*Attorney General,* for the State.
*Blackmer & McCorkle,* for the defendants.

PEARSON, C. J. It is a settled principle of law necessary to prevent disorganization and a general state of confusion, that when a thing is done by a tribunal having jurisdiction

on the subject matter, its action cannot be impeached collaterally for any irregularity or error in the proceeding, and must be taken as valid *de facto* if not *de jure* until it be set. aside or reversed by some direct proceeding for that purpose.

A grant of vacant land issued by the proper authority, cannot be impeached in an action of ejectment, there must be a direct proceeding to vacate the grant.

The election or appointment of one who is acting as constable, under a colorable appointment, cannot be impeached for irregularity, as that he had not been duly elected or appointed, or had not executed the bond required by law upon. indictment for an assault and battery, on the ground that as. he was not a constable, the party was justified in resisting by force, his attempt to levy an execution.

In our case the road had been laid off and established as a public highway by a tribunal having jurisdiction over the subject matter, the report confirmed, and an overseer appointed to take charge of the road and to keep it in repair as a public highway.

His Honor erred in holding that " said road was not a highway." From the argument, we infer his Honor was misled by *State* v. *Spainhour*, 2 Dev. & Bat. 547, in which case Judge GASTON, after laying down the general principle of law which we have announced, is not fortunate in drawing the distinction between a highway established by the competent authority, and " a road which had not been definitely accepted and established, in the place and stead of the old road."

Here the road was definitely established as a public highway, and an overseer was appointed. That is a fair test. Suppose the overseer, in the exercise of his duty had been resisted by the defendant and death ensued; could the homicide be justified on the ground of some error or irregularity in the proceeding?

Error.  This will be certified.

PER CURIAM.                              Judgment reversed.