## STATE *v*. OLIN JAMES.

A hand, who has been regularly assigned to work a certain road, and who has been properly summoned by the overseer thereof to work said road, cannot excuse himself from aiding to repair a bridge over a ditch across the road, upon the ground that it is the duty of the person who cut the ditch to make a bridge over it, and keep the same in repair.

This was a proceeding in the nature of a CRIMINAL ACTION, commenced by warrant before a Justice of the Peace, and carried by appeal to the Superior Court of DUPLIN, and there tried at Spring Term, 1875, before his Honor, Judge *McKay* and a jury.

On the trial in the court below, the jury returned the following verdict:

"The defendant is a hand properly assigned to work on a public road in Duplin county, from Concord church to the Sampson county line. Stephen E. Hall is the overseer of said road and regularly appointed. The defendant was properly summoned by said overseer to attend and work said road. The defendant attended according to said summons and willingly worked said road as required, until they reached a point on said road, at which it is crossed by a ditch or canal, which was cut by one Alfred Hall about sixteen years ago. The said ditch was cut by said Hall for the purposes of benefitting the road, as well as draining or benefitting his (said Hall's) land, lying below said road.

After the said ditch was cut across the road, Hall put a sufficient bridge across the same, which stood for several years; but in June, 1871, the bridge was swept away by a freshet, and one Boone, who was the overseer, (the bridge having been repaired all along by the overseers of the road, from the time it was built,) summoned the hands, and with the road-hands, aided by Hall who originally built it, and who

furnished a team for the occasion and five dollars in money to purchase plank to cover the bridge, rebuilt the same. That subsequently, the overseer with the hands, finding the bridge too high, took it down ; and then seeing that it was rotten, he applied to said Hall for help to rebuild it. Hall informed the overseer that he could not help him then, but he would loan him his ox. The overseer returned and informed his hands of what Hall had said, and left it to a vote of the hands whether they would fill up the ditch, and a majority decided in favor of filling it up, which was done with logs and dirt dug from each side of the same. Afterwards the hands dug it out and built the present bridge, upon which the defendant, being re· quired to work by the overseer, refused, alleging that Hall, who dug the ditch and erected the first bridge, was liable for the repairs thereof, and not the road hands.

Upon these facts, if the court should be of opinion that the defendant is guilty, then the jury find him guilty ; if the court should be of opinion that the defendant is not guilty, then the jury find him not guilty."

Upon the foregoing facts, as found by the jury, the court was of opinion that the defendant was guilty, and so declared and gave judgment accordingly. From which judgment the defendant appealed.

No counsel in this court, for defendant.

*Attorney General Hargrove* and *Stallings* and *Battle & Mordecai*, for the State.

SETTLE J. This is a proceeding in the nature of a criminal action, commenced before a Justice of the Peace, under sec. 10, chap. 104 of Battle's Revisal, and it presents this question : Can a hand who has been regularly assigned to work a certain road, and has been regularly summoned by the overseer thereof to work said road, excuse himself from aiding to repair a bridge over a ditch across said road, upon the ground

that it is the duty of the person who cut the ditch to make a bridge over it and keep the same in repair ? One who cuts a ditch across the road, or wilfully throws a tree across it, or erects a fence or other obstacle therein is indictable ; but it does not follow that the overseer of the road, who neglects for an unreasonable time to remove such obstruction, may not also be indicted. And in order that the overseer may properly perform his duty, the law gives the remedy pursued in this case against such hands as refuse to obey his legitimate orders in relation to the road.

It may be that upon proper proceedings, the overseer and road hands could be relieved of the duty of repairing the bridge over the ditch which obstructs the road in question, and that, that duty could be placed where it properly belongs ; but it is not for the hands assigned by law to work a road to say, that because A obstructed the road, it is his duty to remove the obstruction, and we will not do so.

Were this so, it would of course put an end to the present system of road laws, which I am inclined to think would be well enough, since under it, our public roads are sadly neglected ; but this is a matter for the consideration of the legislature, and not for the courts.

The judgment of the Superior Court is affirmed. Let this be certified.

PER CURIAM.                                    Judgment affirmed.