### STATE v. W. H. WITHERSPOON.

Where Commissioners were appointed by an Act of the Legislature to lay off and establish a public read between certain points, and in obedience to said Act they did establish the road as contemplated, and reported their proceedings in the premises to the County Commissioners, who received and adopted their report, no one bound by said Act to work on the construction, or the opening of said road, can fail or refuse to do so, on account of the vagueness of said report; if he does so, he is liable to a criminal action for the penalty.

The time for the defendant to have objected to the report was when it was made to the County Commissioners and offered for acceptance by them.
(*State* v. *James*, 74 N. C. Rep., 393, cited and approved.)

This was a CRIMINAL ACTION, commencing in a Justice Court, and thence carried by appeal to the Superior Court of ASHE County, where it was tried by his Honor, Judge FURCHES, at Spring Term, 1876.

The following are the facts as contained in the statement of the case accompanying record:

The defendant was charged with having failed and refused to work on the construction of a public road, leading from Greer's Store, by Martin's Mills and Ore Knob, to intersect with the public road leading from Jefferson to Wilkesboro', by the way of Daniel's Gap, in the Blue Ridge, which was being constructed under the provisions of the Act of 1875, chap. 161.

Upon the trial, the report of the Commissioners appointed to lay out, stake and mark the said road was read, which report had been accepted and adopted by the County Commissioners. The defendant's counsel suggested that the said report was too indefinite and uncertain, and was not a sufficient compliance with the Act of Assembly, and the law to locate and establish such a road as would make the defendant liable to this action for not working on the same. This

was denied by the State, and intimated, that if the Court should agree with the defendant in this opinion, the State would like to have the opinion of the Court reviewed.

His Honor reserved the opinion of the Court as to sufficiency of the report of the Commissioners, and gave the case to the jury, who found, upon the fact admitted, that the defendant was guilty. The defendant's counsel moved that the verdict be set aside, and the defendant go without day, &c. His Honor, upon consideration of the question reserved, allowed the motion, and gave judgment in favor of defendant.

The Solicitor of the State appealed.

*Attorney General Hargrove,* for the State.
*M. L. McCorkle,* for the defendant.

PEARSON, C. J. The persons appointed by the Act of the General Assembly had laid off a road, staked and marked it, and had made their report to the County Commissioners. This report was accepted by the Commissioners and filed among the records of the County. An overseer was appointed and hands assigned to open the road. Admit that the report is too indefinite, or that the road is not laid off by the most eligible route, still, according to well-settled principles of law, this action of the Commissioners cannot be impeached collaterally, and must be annulled by some direct proceeding.

The time for the defendant to have objected was when the report was made to the County Commissioners, and offered for acceptance. To allow him to refuse to work on the road, because in his opinion the report is too indefinite, or for any other reason, while the report and the action of the Commissioners stands unrevised and in force, would demoralize the whole county police in respect to roads, and

violate a fundamental principle in regard to the action of the public authorities. *State* v. *James,* 74 N. C. Rep., 393.

Judgment reversed. This will be certified, to the end that judgment will be entered upon the verdict.

PER CURIAM.                    Judgment reversed.