### STATE v. SAMUEL SMITH.

*Obstructing a Public Road—Action of County Commissioners; cannot be attacked collaterally—Special Instruction—The Code,* §§ 2014, 2038–40.

1. The actions and decisions of tribunals, having jurisdiction to accomplish a purpose contemplated and allowed by law, are not to be lightly treated and ignored. Jurisdiction attaching, the presumption is in favor of its having been properly exercised, and the action of the tribunal will be upheld, however erroneous or irregular in matters of detail, until set aside or reversed by proper authority.

2. The mere address of a petition is not of its essence; *therefore,* a petition for laying off a public road presented to the County Commissioners, and definitely describing the terminal points of the road prayed for, is sufficient in form and substance to support the action of the Board in establishing the road, although such petition is addressed to the " Board of Supervisors of Public Roads."

3. Upon the presentation of a petition, such as is above described, the County Commissioners made an order that the road be laid out as prayed for, particularly designating the terminal points. In obedience to such order, a jury, summoned by the Sheriff and sworn, laid out the road and made a report of their action to the Commissioners, who confirmed the same, and ordered the road to be opened. This was done by the Sheriff, who made return of his action; *Held,* that, although irregular in some particulars, the proceedings established the road, and one who obstructed it was indictable.

4. Upon an indictment for obstructing a public road, it is not error to refuse to charge, that " to constitute a public highway, it must be a public charge, and must, of necessity, have an overseer and hands to work it."

5. An indictment, for obstructing a public road, which gives the *termini* of the road, and describes it substantially as it is described in the order of the County Commissioners establishing it, is good; and a motion in arrest of judgment, based upon the insufficiency of the description of the road, will be refused.

6. A prayer for a special instruction, not warranted by the evidence, must be refused.

INDICTMENT for obstructing a public road, tried before *MacRae, J.,* and a jury, at Spring Term, 1887, of BURKE Superior Court.

The indictment charged the defendant with unlawfully and wilfully obstructing a public road, " in Burke County, leading from the Shelby road to the Laurel road." The State put in evidence the record of certain proceedings had before the County Commissioners, to show that the road charged in the indictment had been laid off and opened as a public road.

The order for laying off the road, described it as " com-

mencing on the Shelby road, running *via* Huffman's mill, through Samuel Smith's farm, to the Laurel road."

Defendant, admitting the obstruction, contended that the road was not a public road, and that he was not indictable for obstructing it, because there were irregularities in the proceedings laying it off. He further contended that the indictment did not sufficiently describe the road.

The defendant also insisted, that the petition for establishing the road being, on its face, addressed to the Board of Supervisors, and only asking that a road be laid off between certain points, without specifying whether the same should be a cart-way or a public road, the Commissioners of the County had no jurisdiction to order the road, and consequently the proceedings under which it was established were void. The Court ruled against the defendant on all these points.

A witness for the State testified, that the road in question had never been turned over to the Township Supervisors, no overseer had been appointed thereon, nor hands assigned to work it; that no work had ever been done on it by the public, except that the Sheriff had opened it by order of the County Commissioners, and then only a portion of it.

After verdict, there was a motion in arrest of judgment, upon the ground that the indictment did not sufficiently describe the public road.

The other facts sufficiently appear in the opinion.

Verdict of guilty. Appeal by defendant.

*Attorney General,* for the State.
No counsel for the defendant.

MERRIMON, J. The statute (*The Code,* § 2014), confers upon the Board of County Commissioners "full power and authority within their respective counties  *  *  *  *  to order the laying out of public roads when necessary," and it

further prescribes (*The Code*, §§ 2038, 2039, 2040), in what case, and when and how, such roads shall be laid out and established.

Although the proceedings of the County Commissioners, in respect to the road in question, are not, in all respects, regular, we are, nevertheless, of the opinion that they were sufficient to establish a public highway, that the defendant and all other persons were bound to recognize and treat as such, until such proceedings should be reversed, modified, or set aside in a proper proceeding for the purpose.

A petition in writing, signed by several persons interested in the proposed road, designating the terminal points, was laid before the Commissioners of the County of Burke, and likewise a counter petition. Upon consideration, the commissioners made an order that the road, as prayed for, be laid out, and that the Sheriff summon a jury for that purpose. The order designated, with particularity, the terminal points of the road to be laid out. The Sheriff summoned a jury who, in obedience to the order and summons, assembled and were sworn, and they laid out between the terminal points designated, with much particularity, the road in question, and made report of their action to the County Commissioners, who confirmed the same, and then made an order directing the Sheriff to open the road strictly as laid out by the jury; thereafter the Sheriff did so, and made return of his action.

Thus a tribunal, having jurisdiction over the subject of public roads, and having an application before it to establish such a road, took action in that respect, and purported, in pursuance of the leading essential provisions of the statute, applicable in such case, to establish the road in question. The proceedings of that tribunal may have been erroneous; they were, as we can see, in some respects not essential to the jurisdiction of the commissioners, irregular, but they were not necessarily void; on the contrary, they were valid

until reversed. The actions and decisions of tribunals, having jurisdiction to accomplish a purpose contemplated and allowed by law, are not to be treated lightly, ignored and disregarded by whoever may see fit to do so. When it appears that the jurisdiction attaches, the presumption is in favor of the proper exercise of it, unless the contrary clearly appears, and the action or determination of such tribunal will be upheld, however erroneous or irregular in matters of detail, until corrected, modified, or reversed, by the proper authority. *Little* v. *May*, 3 Hawks, 599; *State* v. *Spainhour*, 2 D & B., 547; *Woolard* v. *McCullough*, 1 Ired., 432; *Welch* v. *Piercy*, 7 Ired., 365; *State* v. *Davis*, 68 N. C., 297.

It was contended by the defendant's counsel in the Court below, that the petition for the road was addressed to the "Board of Supervisors of public roads," in a particular township, and not to the Board of County Commissioners, and therefore the proceedings to establish the road were void. This contention is unfounded. The mere address was not of the essence of the application. The allegations of the petition plainly implies that the petitioners demand a road—a public road—not a "cartway;" nothing is said of the latter in terms or by implication. The petition and counter petion were laid before the commissioners, and the allegations of them respectively showed that the commissioners had jurisdiction of the subject-matter of them, and the supervisors did not.

The defendant requested the Court to instruct the jury, that to "constitute a public highway, it must be a public charge, and must, of necessity, have an overseer and hands to work it." The Court declined to give this instruction, and this refusal is assigned as error.

The instruction, thus asked, was argumentative; it referred to what is generally an incident of a public highway, and is consequent upon its establishment—it was not perti-

nent to the issue before the jury, and the Court was not bound to give it.

The Court was further requested to instruct the jury, that, if they found, from the proceedings to establish the road, on the evidence, that the purpose was to establish a "cartway," then the commissioners had no jurisdiction, and the proceedings were void. The Court properly declined to give such instructions, because there was no evidence that warranted it. Nothing was said in the proceedings, or by any witness examined on the trial, so far as appears, in respect to a "cartway."

The motion in arrest of judgment was properly denied. The road, charged in the indictment to have been obstructed, is described substantially as that designated in the order of the commissioners, and the report of the jury in establishing it. From the indictment, the Court could see that a particular offence was charged, and the defendant could see with what offence he was charged, and make his defence, and he could make proper defence, in case of a subsequent prosecution for the same offence. This is sufficient.

There is no error.

Affirmed.