THE TOWN OF HENDERSON v. OWEN DAVIS et al.

*Jurisdiction—Title to Land—Action for Penalty for Obstructing Street — Election, validity of — Proceeding to Open Street — Notice to Land-owners—Insufficient Evidence.*

1. The title to land is not in controversy in a proceeding to recover a penalty prescribed by a town charter for obstructing a street.

2. The charter of a town provided that an election on the question of accepting the charter should be held after ten days' notice. The minutes of the Commissioners showed that an election was held in accordance with the provisions of the charter, the number of votes cast, and the affirmative majority: *Held,* that the required notice was sufficiently implied.

3. The regularity and validity of an election cannot be collaterally attacked.

4. Where, on the trial of an action to recover a penalty for obstructing a street, it did not appear that notice had been given to adjacent land-owner of the purpose of the assessors to assess the advantage and disadvantage, or that such assessment and report thereof had been made, or that the street was opened for public use, or that it was used as a public street at any time: *Held,* that there was not sufficient evidence to go to the jury to prove the existence of the street, or that the defendant had obstructed it.

CIVIL ACTION, originally begun before the Mayor of the town of Henderson, and tried before *Armfield, J.,* at Spring Term, 1889, of the Superior Court of VANCE County.

This action was begun to recover the penalty of ten dollars incurred by an alleged violation of an *ordinance* of the plaintiff, whereof the following is a copy:

"Article 3, § 1. Any person or persons allowing obstructions to remain or continue in any street, or streets, or alleys in the town of Henderson, after having been notified by the town constable, shall be fined ten dollars for each day said obstructions shall be allowed to remain."

On the trial before the Mayor, the defendant suggested "that the land in controversy is not a street, but the property of the defendant and others," and he insisted that, therefore, the Mayor had no jurisdiction. There was judgment for the plaintiff in the Mayor's Court, and the defendant appealed to the Superior Court. The following is a copy of so much of the case stated on appeal as need be reported:

The defendants moved to dismiss the action because the Mayor had no jurisdiction to try the same, because, upon defendants' answer, the title to land was put in issue and involved. His Honor overruled the motion, and defendants excepted.

The plaintiff then offered the charter of the town of Henderson, ratified by the General Assembly April 1st, 1869, and, to show an acceptance of said charter as required by the fifty-first section thereof, introduced the minutes of the proceedings of the Commissioners of the town of Henderson, dated April 10th, 1869.

The defendants objected to the reading of said charter, because it appeared affirmatively by the minutes that the election to accept the charter was not held after the ten days' notice required by law.

The plaintiff then introduced an act of the General Assembly (ch. 51, Laws 1883), amendatory of the charter of said town. His Honor thereupon overruled defendants' objection, and allowed, the charter to be read, and defendants excepted.

The plaintiff then offered to show that the land in controversy had been duly condemned for the purpose of a street in said town, and, to that end, offered a paper marked "D."

The defendants objected to the reading of said paper—

1. Because it did not appear that there was ever any cause constituted between the plaintiff and defendants in Granville Superior Court in this behalf.

2. It did not appear that there was any cause constituted in said Superior Court at all.

3. That it did not appear that there was any law authorizing the report of the action of the commissioners appointed to open or widen streets in Henderson to be recorded in said Granville County.

4. It did not appear that the defendants were parties to said so alleged record.

5. That said paper was a record of Granville Superior Court.

Objection overruled. The paper was read, and defendants excepted.

The defendants then objected to the alleged condemnation of said land because it did not appear that the damages assessed in favor of the several parties, to-wit, Reavis and Calvin Betts, had ever been paid to them in hand, or paid into the office of the Clerk of the Superior Court of Granville County, as provided by the charter.

His Honor overruled the objection and the defendants excepted.

It was admitted by the defendants that, in the summer of 1885, they openly, and under a claim of title, entered upon the land in controversy, which is a portion of what is called Breckenridge street, in Henderson, built houses thereon, and have had continuous possession thereof up to the time of suing out the warrant in this cause.

Defendants then offered to show that they had perfect title to the land in controversy, claiming the same through Calvin Betts, among others, and that he was the same Calvin Betts for whom the sum of two hundred and fifty dollars was assessed as damages to said land; and also that said sum has never been paid to said Betts, nor the ancestors of the defendants, who were the immediate grantors of said Betts, nor was ever deposited in the Clerk's office of Granville Superior Court.

His Honor refused to allow any of said evidence to be offered, and defendants excepted.

The plaintiff offered, without objection, the minutes of the Board of Commissioners of the town of Henderson, dated June 22d, 1870, June 23d, 1870, and July 11th, 1870, showing the condemnation proceedings as recorded by said board, in addition to a transcript of the record of the report of the three assessors, the said transcript being objected to.

The defendants failed to offer any testimony as to the payment of the money due Betts into the office of the Clerk of the Superior Court.

A copy of the ordinance passed May 10th, 1888, was handed to the defendants in three weeks after the ordinance was passed.

The defendants did not offer to prove title, except through Calvin Betts.

His Honor charged the jury that, if they believed the evidence, they should find the issue in favor of the plaintiff, to which charge the defendants excepted.

The jury found the issue for the plaintiff.

The Court gave judgment for the plaintiff, and the defendants appealed.

*Messrs. A. W. Graham, R. W. Winston* and *A. C. Zollicoffer,* for plaintiff.

*Messrs. H. T. Watkins, E. C. Smith* (by brief), *G. H. Snow* and *T. C. Fuller,* for defendants.

MERRIMON, C. J.: The objection that the Mayor's Court did not have jurisdiction of the action because "the title to land was put in issue and involved," is without force. The title to real estate was not in controversy, in the sense of the Constitution (Art. IV, § 27), or of the statute (*The Code,* §§ 834, 836, 837). The substance of the controversy was, whether or not a public street of the plaintiff had been

established, and whether or not the defendants had obstructed the same, in violation of the ordinance specified, and thus incurred the penalty sued for. If the street were established, it was not material to inquire who had title to the land subject to the right of the public. Then, obviously, the Mayor had jurisdiction of the action. (Private Acts 1868–'69, ch. 79, § 15; *The Code*, § 3818).

Nor can the second exception be sustained. The minutes of the proceedings of the commissioners of the town of Henderson pertinent were put in evidence without objection. They show that an election was held "in accordance with" the section of the statute requiring it to be held, the number of votes cast "for the charter," and the number cast "against the charter," and the majority in favor of accepting the same, and they recite, and the commissioners certify, "that the election was held, in all respects, in accordance with the provisions of said charter," &c. The minutes are such as the statute (Private Acts 1868–'69, ch. 79, § 51) requires, and certainly imply sufficiently that the notice of election required was given. Besides, the minutes showing that an election was held as directed by the statute, the presumption is that notice was given as required. It does not appear that there was any irregularity as to the election referred to, but if there had been, the Legislature cured the same by recognizing and amending the charter of the plaintiff by the statute (Acts 1883, ch. 51). Besides the charter had prevailed and been observed for nearly twenty years. Moreover, the election could not be attacked in a collateral proceeding. If the defendant was not satisfied with the result of the election mentioned, he should have contested it by proper action brought for the purpose in apt time.

The record in this case is very informal and confused, and the statement of the case on appeal for this Court is imperfect, particularly in stating material evidence that it seems must have been produced on the trial. It does not appear,

unless by very vague inference, that a street called " Breck-enridge street "—that alleged to have been obstructed by the defendant—was ever located, laid out, established and used by the public at all in the plaintiff town. " The condemna-tion proceedings as. recorded by " the Board of Commission-ers of the plaintiff put in evidence, show that on the 22d of June, 1870, an order was made by' such commissioners, not to lay out such street, but that three free-holders, named, " Be requested to act as appraisers to assess the advantages and disadvantages in opening Breckenridge street from Chestnut street to William street" ; that the free-holders so appointed made report, and that their report was adopted by the commissioners. It further appears that the free-holders so appointed returned their valuation and report in respect thereto to the Superior Court of the county of Gran-ville, as the statute required them to do. In that report they state that having been appointed assessors "by the Com-missioners of the town of Henderson, being duly sworn to view and assess the advantages and disadvantages to the owners of the land arising from the laying off and widening of certain streets in said town of Henderson, and they say that they have viewed the premises on Breckenridge street, from Garnett street to Chestnut, and find that no damage accrues to the owners of land on the right-hand side of Breckenridge street, going down from Garnett to Chestnut streets by reason of widening said streets as proposed. * * * Calvin Betts, who owns a lot in this Breckenridge street at its mouth on Garnett street, the majority of the assessors think is damaged $250, and we so award," &c.

The proceedings, the substance of which is thus stated, con-stitute all the evidence, so far as appears from the record, produced to show that "Breckenridge street" was indeed such. It does not appear that the free-holders, assessors, or any other authority whatever gave the land-owners, whose land and advantage and disadvantage they assessed, any

notice by personal service or otherwise, of their purpose to assess the same, or that they had made such assessment and made report thereof to the commissioners and to the Superior Court of Granville County. It does not appear that this street was opened for public use, or that it was used as a public street at any time. It does not sufficiently appear, as it should do, that the commissioners of the plaintiff exercised their jurisdiction and authority conferred by its charter (Private Acts 1868–'69, ch. 79, § 42), to obtain required right-of-way, and open new streets, as to the alleged street in question. If it appeared that it had been laid out—opened—used by the public—that the town authorities had exercised control over it, then there might arise a strong presumption that it had been established by proper authority. In that case, all persons interested would have been put on notice, and they might have taken steps to question, by proper legal methods, the regularity and validity of the action of the commissioners in so opening the street.

It appears in *State* v. *Davis*, 68 N. C., 297, cited by the counsel of the plaintiff, that the road in question in that case "was definitely established as a public highway, and an overseer was appointed." And in *State* v. *Lyle*, 100 N. C., 497, a survey had been made under the direction of the town authorities and the owner of the lot affected had notice; the street commissioners had been directed, by order, to notify all persons as to encroachments on the streets, &c. In those and like cases it appeared that the proper authorities had exercised their authority, had laid out the road, and were proceeding to widen the street. It may be that the plaintiff's proper officers did so, but it should appear that they did. If it so appeared, possibly it might be inferred that the assessment in favor of Calvin Betts had been paid, and all proper intendments and presumptions would prevail in favor of the regularity and validity of their action. We are constrained to hold that there was not evidence to go

to the jury to prove that there was a street of the plaintiff called "Breckenridge street," and that the defendants had obstructed the same as alleged. Hence, there is error, and the defendants are entitled to a new trial, and we so adjudge.

Error. *Venire de novo.*