## STATE v. R. H. JOYCE.

*Order of Board of Commissioners—Failure to Work Roads Indictable.*

1. The judgment of a Board of Commissioners ordering the laying out of a public road is final until reversed, is binding upon all citizens of a county and cannot be collaterally attacked.

2. Where a Board of Commissioners ordered the construction of a public road, laid it out, appointed an overseer and assigned him hands to construct the road; *Held*, that such order constituted in the eye of the law a public road and the hands assigned were bound as for duty on any other road and were liable to indictment under *The Code*, Section 2020, if they refused to comply with the order.

PROSECUTION for failure to work public roads, tried before *Starbuck, J.*, and a jury, upon an appeal from a judgment of a Justice of the Peace, at Fall Term, 1897, of STOKES

Superior Court.   The defendant was convicted and appealed. The facts appear in the opinion.

*Mr. Zeb V. Walser, Attorney General,* and *Mr. John D. Humphreys,* for the State.

*Mr. A. M. Stack,* for defendant (appellant).

FAIRCLOTH, C. J.:   The defendant stands indicted under *The Code,* Section 2020, for failing to work a public road. There was an application by certain citizens of Stokes County, including the defendant, made to the County Commissioners to have a public road laid out and established between specified *termini* in said County. After some irregularity in the proceedings and after due notice, the Board of County Commissioners ordered said road to be laid out between the specified points, appointed an overseer, assigned hands to the overseer, including the defendant, and ordered the overseer to have the road constructed and put in order. The Board had authority to make the order.   Acts, 1889, Ch. 338 and Acts, 1887, Ch. 73.   The overseer ordered the road hands who had been assigned to him, including the defendant, to attend on a specified day to construct and work on said road.   The defendant refused to attend and work on the ground that, although he was liable to road duty, he could not be required to aid in constructing and building a public road, and for this refusal he was indicted and convicted.

There was no appeal from the order of the Board of Commissioners above referred to.   The Board having jurisdiction of the matter, their judgment was final until reversed, and was binding on the defendant and all citizens of the County and could not be collaterally attacked.   *State* v. *Smith,* 100 N. C., 550.

When the Board of Commissioners ordered the road to be laid out and constructed as a public County road,

appointed an overseer and assigned hands to him to construct the road, and ordered him to have the work done, in the eye of the law it became at once a public road, and the hands so assigned were as much bound to attend and work as any other road hands in the County, and they could not question the regularity of the proceedings of the Board in the matter, and if they refused to work they are liable under the general law to indictment. *The Code,* Section 2020; *State* v. *Witherspoon,* 75 N. C., 222. This would be so at common law, if there was no statutory mode of proceeding. *State* v. *Parker,* 91 N. C., 650.

This conclusion obviates the necessity of considering the defendant's other exceptions.

Affirmed.