### ISAAC v. GOOGE, Sheriff.

(Circuit Court of Appeals, Fifth Circuit. October 17, 1922.)

No. 3603.

United States ⬯49—Federal officers not exempt from state prosecution for act not done in pursuance of official duty.

> The mere fact that one is an officer of the United States or of one of its courts does not exempt him from civil or criminal liability under state law for an act not done in pursuance of his official duty.

Appeal from the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Habeas corpus by Max Isaac against J. W. Googe, Sheriff of Bacon County, Ga. From an order dismissing his petition, petitioner appeals. Affirmed.

John W. Bennett, of Waycross, Ga. (Leon A. Wilson and John W. Bennett, both of Waycross, Ga., on the brief), for appellant.

D. W. Krauss, of Brunswick, Ga., A. B. Spence, of Waycross, Ga., and J. W. Quincey, of Douglas, Ga., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WALKER, Circuit Judge. This is an appeal from an order dismissing appellant's petition for the writ of habeas corpus and remanding him to the custody of the appellee, the sheriff of Bacon county, Ga. Appellant was in custody under warrants issued on two indictments returned to the superior court of Bacon county, charging the offense of barratry under the law of Georgia, which contained allegations to the effect that the appellant solicited and procured the employment of himself as an attorney at law to collect by legal proceedings claims against the Beach Manufacturing Company.

The asserted right to a discharge from custody is based upon a showing to the effect that, prior to the time petitioner was employed to represent persons having claims against the Beach Manufacturing Company, pursuant to an order of the court below appointing a receiver of the property of the Beach Manufacturing Company in bankruptcy proceedings in that court against that company, he was employed to act as such receiver's attorney, and that at the time and place of his employment by persons having claims against the Beach Manufacturing Company he, as attorney for the receiver, was acting as an officer of the court below and under and in pursuance of its orders.

It was not made to appear that, in becoming the attorney for persons having claims against the Beach Manufacturing Company, the appellant was acting under his employment by the receiver in pursuance of the order of the court. If the appellant did what the indictments charged, he did not so do in pursuance of a law of the United States, or of an order, process, or decree of a court or judge thereof. The charges made in the indictments are based on alleged conduct beyond the scope of the employment of the appellant by the receiver in pursuance of the order of the court below. That alleged conduct was foreign to the performance by the appellant of any duty he owed as an officer of the court or an employee of its receiver. The ground on which one held on a criminal charge for doing what was done in pursuance of a law of the United States, or of an order, judgment, or decree of a court thereof, is entitled to discharge from custody (In re Neagle, 135 U. S. 1, 10 Sup. Ct. 658, 34 L. Ed. 55), does not exist in this case (Matters v. Ryan, 249 U. S. 375, 39 Sup. Ct. 315, 63 L. Ed. 654).

The mere fact that one is an officer of the United States or of one of its courts does not exempt him from civil or criminal liability for what he does beyond the scope of his official duties and not in the discharge thereof. For a federal official to be exempt from civil or criminal liability under state law for his act it is not enough that at the time and place of such act he was present for an official purpose. The act must be done in pursuance of his official duty. The exemption from liability recognized in the case of federal officials is a means of protecting them in the performance of their official duties by keeping them from being subjected to loss or damage for doing what is included in such duties. On no ground urged was the appellant entitled to the relief sought.

Affirmed.