## STATE v. A. M. ADAMS.

(Filed 23 March, 1938.)

1. **Highways §§ 14, 16—Evidence held to sufficiently establish cartway for purpose of prosecution for destroying cartway bridge.**

The State's evidence tended to show the institution of proceedings in the Superior Court to establish cartway over lands purporting to belong in severalty to Indians, judgment of confirmation in said proceeding, establishing the cartway, from which no appeal was taken. *Held:* The evidence sufficiently establishes the existence of the cartway for the purpose of this prosecution of defendant for destroying a bridge of said cartway, the Secretary of the Interior not being a necessary party to the proceeding to establish the cartway, and the presumption of jurisdiction arising from the fact that a court of general jurisdiction acted in the matter not having been rebutted, an opinion of the Circuit Court of Appeals, dealing with the same cartway, being insufficient to rebut the presumption in view of the fact that the present parties were not parties to that action, and the record in that case upon which the opinion was based not being before the Court on this appeal, and the invalidity of the proceeding establishing the cartway not being apparent on the face of the present record.

2. **Judgments § 26—**

A *prima facie* presumption or rightful jurisdiction arises from the fact that a court of general jurisdiction has acted in the matter.

**3. Highways § 14—**

The Secretary of the Interior is not a necessary party in a proceeding to establish a cartway over lands belonging to Indians in severalty or to an Indian band.

**4. Criminal Law § 81b—**

The burden is upon defendant upon appeal from conviction to show not only that error was committed in the trial, but that the alleged error was prejudicial.

**5. Cartways § 16—**

The fact that the validity of a proceeding establishing a cartway over Indian lands might be questioned by the United States in a direct proceeding is no defense to a prosecution for destroying a bridge of the cartway, since the proceeding to establish the cartway may not be collaterally attacked.

**6. Judgments § 22—**

Only void judgments are subject to collateral attack.

**7. Criminal Law § 6—Person asserting immunity from prosecution as a Federal officer must establish such immunity.**

A person asserting immunity from prosecution as an officer of the United States must establish such immunity, and in this prosecution of a Farm Agent for Indian lands for destroying a cartway bridge on such lands, *held*, the evidence fails to establish that the act was done under authority of the United States or in pursuance of defendant's duties as Farm Agent.

**8. Criminal Law § 52b—**

On a motion to nonsuit, the evidence is to be considered in its most favorable light for the prosecution.

**9. Same—Sufficiency of evidence to be submitted to the jury.**

Evidence which tends to prove the fact of guilt or which reasonably conduces to that conclusion as a fairly logical and legitimate deduction, should be submitted to the jury, but the court should direct a nonsuit or an acquittal upon evidence which raises a mere suspicion or conjecture of guilt.

**10. Indians § 4—**

The criminal laws of the State are applicable to offenses committed within an Indian Reservation within the borders of the State.

APPEAL by defendant from *Sink, J.,* at September Term, 1937, of GRAHAM.

Criminal prosecution tried upon indictment charging the defendant (1) with destroying a cartway bridge, and (2) with hindering the construction of a cartway in Graham County.

The State offered evidence tending to show:

1. Proceeding in the Superior Court of Graham County, instituted 7 May, 1935, to establish cartway over certain lands of the respondents, John Teseteskey, Solomon Bird, and the Eastern Band of Cherokee

Indians of North Carolina, including Tracts 404 and 405 of the Indian Lands. Judgment of confirmation in said proceeding, establishing the cartway, was entered 24 June, 1935. There was no appeal from this judgment.

2. Destruction of cartway bridge by defendant and circumstances under which this was done.

3. It was agreed that the tracts of land on which the bridge was located and over which the cartway was laid out were tracts of Indian lands, and were conveyed to the United States of America, in trust for allotment to the Indians in severalty, by deed bearing date 21 July, 1925, executed by the Eastern Band of Cherokee Indians of North Carolina pursuant to resolution duly adopted in open council by the members of said band.

In 1934 Congress passed the Wheeler-Howard Act of 18 June, 1934, providing that "No land of any Indian reservation created or set apart by treaty or agreement with the Indians, Act of Congress, executive order, purchase or otherwise shall be allotted in severalty to an Indian." 25 U. S. C. A., sec. 461.

4. There was no denial of defendant's testimony that he was "Farm agent of the Cherokee Indian Agency," with duties of "farming and looking after the farm lands of the reservation."

The jury returned a general verdict of "Guilty"; whereupon judgment was rendered that the defendant pay a fine of $25.00 and the costs incurred.

Defendant appeals, assigning errors, relying principally upon his demurrer to the evidence or motion for judgment of nonsuit under C. S., 4643.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Willis for the State.*

*Charles E. Collett, Raymond T. Nagle, Julius Martin, II, Tyre Taylor, and Wm. H. Churchwell for defendant.*

STACY, C. J. The first question for decision is whether the State has offered evidence sufficient to show the establishment of a cartway over the lands in question. We agree with the trial court that the proof adduced on the hearing supports the present prosecution. *S. v. Joyce,* 121 N. C., 610, 28 S. E., 366; *S. v. Witherspoon,* 75 N. C., 222.

In the first place, a *prima facie* presumption of rightful jurisdiction arises from the fact that a court of general jurisdiction has acted in the matter. *Downing v. White,* 211 N. C., 40, 188 S. E., 815; *King v. R. R.,* 184 N. C., 442, 115 S. E., 172; *Starnes v. Thompson,* 173 N. C., 466, 92 S. E., 259; *Wood v. Sugg,* 91 N. C., 93; *Harvey v. Tyler,* 69 U. S., 328;

*Dean v. Brown,* 261 Ky., 593, 88 S. W. (2d), 298; *Horn v. Metzger,* 234 Ill., 240, 84 N. E., 893; 15 R. C. L., 884; 34 C. J., 537. There is nothing on the present record to overturn this presumption. It was not necessary that the Secretary of the Interior should appear as a party to the proceeding. 25 U. S. C. A., sec. 311.

Secondly, it is in evidence that John Teseteskey and Solomon Bird, respondents in the cartway proceeding, were in possession of the Indian lands over which the cartway was laid out, Tracts 404 and 405, claiming them as their own. Whether the claim of either was by allotment from the United States, under the trust deed of 21 July, 1925, with full power of alienation, does not appear. At any rate, the invalidity of the cartway proceeding is not apparent on the face of the record. *Fort Leavenworth R. R. Co. v. Lowe,* 114 U. S., 525; *U. S. v. Chicago,* 48 U. S., 185. See latest expression of the Supreme Court of the United States in *U. S. v. McGowan,* 82 L. Ed., 305.

It is true the defendant proffered as evidence the opinion of the Circuit Court of Appeals in the case of *U. S. v. Colvard,* 89 Fed. (2d), 312, dealing with this same cartway, but neither of the parties here was a party there, and the record in that case, upon which the court's opinion was based, is not before us. Hence, under our settled procedure, *Newbern v. Hinton,* 190 N. C., 108, 129 S. E., 181, the exception cannot be sustained. This was the only evidence offered to rebut the presumption of jurisdiction and its rightful exercise. *Townsend v. Townsend,* 4 Caldwell, 70, 94 Am. Dec., 184.

Moreover, conceding that the United States in a direct proceeding brought for the purpose might question the validity of this cartway, *U. S. v. Minnesota* (Circuit Court of Appeals, Eighth Circuit, 12 March, 1938), if Congress has not disavowed the trust, 25 U. S. C. A., sec. 461, still it is not perceived upon what footing this could avail the defendant in a collateral attack here. *S. v. Yoder,* 132 N. C., 1111, 44 S. E., 689. The United States is not a party to the prosecution, and the suggested voidableness of the cartway proceeding is no defense to the present action. *Non constat* that a proceeding, voidable as to some third person, is not to be taken as valid in a criminal prosecution against another. *S. v. Smith,* 100 N. C., 550, 6 S. E., 251.

Only void judgments are subject to collateral attack. *Downing v. White, supra; Harrell v. Welstead,* 206 N. C., 817, 175 S. E., 238; *King v. R. R., supra.*

The second question presented by the appeal is whether the defendant is immune from prosecution as an officer of the United States. The record fails to establish such immunity. *Vinson v. O'Berry,* 209 N. C., 287, 183 S. E., 423; *Philadelphia Co. v. Stimson,* 223 U. S., 605; *Isaac v. Googe,* 284 Fed., 269; *In re Waite,* 81 Fed., 359.

There is no evidence that the defendant in destroying the bridge in question was acting under authority of the United States or in pursuance of his duties as farm agent. *Isaac v. Googe, supra.* One who seeks to defend on the ground of sovereign immunity must show his authority. *Poindexter v. Greenhow,* 114 U. S., 270; *Kneedler v. Lane,* 45 Pa., 238.

The practice is now so firmly established as to admit of no questioning that, on a motion to nonsuit, the evidence is to be considered in its most favorable light for the prosecution. *S. v. Rountree,* 181 N. C., 535, 106 S. E., 669. And further, the general rule is that if there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury; otherwise not, for, short of this, the judge should direct a nonsuit or an acquittal in a criminal prosecution. *S. v. Vinson,* 63 N. C., 335. But if the evidence warrant a reasonable inference of the fact in issue, it is for the jury to say whether they are convinced beyond a reasonable doubt of such fact, the fact of guilt. *S. v. McLeod,* 198 N. C., 649; *S. v. Blackwelder,* 182 N. C., 899, 109 S. E., 644.

The remaining exceptions are too attenuate to require elaboration. They cannot be sustained under familiar principles and authorities.

It is freely conceded that the criminal laws of the State are applicable to offenses committed within the Indian Reservation. *Utah Power & Light Co. v. U. S.,* 243 U. S., 389; *U. S. v. McBratney,* 104 U. S., 621.

On the record, as presented, the verdict and judgment will be upheld.

No error.