### STATE v. FUSCHEL McMAHAN.

(Filed 27 September, 1944.)

**1. Criminal Law § 52b—**

On motion to nonsuit a criminal case, the evidence will be considered in its most favorable light for the prosecution.

**2. Husband and Wife § 28: Parent and Child §§ 2, 14—**

The law presumes the legitimacy of a child born in lawful wedlock, and this includes one of antenuptial conception.

APPEAL by defendant from *Pless, J.,* at March Term, 1944, of YANCEY.

Criminal prosecution tried upon indictment charging abandonment and nonsupport of defendant's wife and child.

The evidence discloses that Aileen Riddle, age 19, had been a patient in the State Hospital at Morganton, N. C. She had been released from that institution about a year and a half or two years, when she became pregnant. Her father had a conversation with the defendant about her condition, and the defendant agreed to marry her and to take care of her. The father accompanied his daughter and the defendant to Greenville, S. C., where they were married. He further testified: "I went with them and they were married and come back and he dodged her out and never did live with her and in four days her mind got bad until I had to take her back to the hospital. It was four or five days when she was taken back. He has not contributed anything to her support since their marriage. A child has been born to Mrs. Fuschel McMahan since she entered the hospital, born in the hospital. The child is eight months old the 16th of this month (April, 1944). The child is at my house with its grandmother. I have supported the child since its birth. Fuschel McMahan has contributed nothing to the support of the child since its birth. Fuschel McMahan has known my daughter all of their lives. They went to school together. I lived in the same community. He knew when he married my daughter that she had been a patient at the State Hospital at Morganton. . . . It was four or five months after the marriage that the child was born."

Verdict: "Guilty as charged." Judgment: Imprisonment in the common jail of Yancey County for a period of twelve months; assigned to work under the supervision of the State Highway and Public Works Commission. Judgment suspended upon condition that defendant pay the costs, and certain stipulated sums for the benefit of the child in question.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Charles Hutchins for defendant.*

DENNY, J.  The first and second exceptions are directed to the refusal of his Honor to allow the defendant's motion for judgment of nonsuit, made at the close of the State's evidence and renewed at the close of all the evidence.  The defendant contends the evidence is not sufficient to be submitted to the jury upon the question of the willful abandonment of his wife and the failure to provide adequate support for his wife and child.  He further contends there is no evidence tending to show that he is the father of the child.

The evidence is to the effect that the defendant married Aileen Riddle, "dodged her out and never did live with her"; that she gave birth to a child four or five months after the marriage, and that the defendant has never contributed anything to the support of his wife, or child.

On a motion to nonsuit, the evidence will be considered in its most favorable light for the prosecution.  *S. v. Andrews,* 216 N. C., 574, 6 S. E. (2d), 35; *S. v. Adams,* 213 N. C., 243, 195 S. E., 822.

The two elements of the offense—willful abandonment and failure to support—are charged in the bill of indictment, and the State's evidence is sufficient to support the verdict.  *S. v. Falkner,* 182 N. C., 793, 108 S. E., 756.  The contention that there is no evidence to show that the defendant is the father of the child in question is without merit.  The law presumes the legitimacy of a child born in lawful wedlock, and this includes one of antenuptial conception.  *West v. Redmond,* 171 N. C., 742, 88 S. E., 341.  These exceptions cannot be sustained.

While the remaining exceptions are without substantial merit, the brief does not comply with Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 562, and they are, therefore, deemed abandoned.

In the trial below, we find

No error.