The case was heard in the General County Court and judgment tendered as follows:
"This cause coming on to be heard before the undersigned Guy Weaver, judge of the General County Court of Buncombe County and without the intervention of a jury, the court finds the following facts:
1. That prior to 4 September, 1928, Katherine B. Williamson was the owner of the lot of land described in the complaint in this action, same being Lot No. 2, in Block C-B, as shown on Plat Book 198, at page 101 of Plat Records of Buncombe County, N.C. and on said date the said lot was sold and transferred to Alice Morris free from encumbrances except the taxes for the year 1928.
2. That on 29 September, 1928. Alice Morris conveyed said lot to plaintiff in this case free from all encumbrances and was to pay the taxes of 1928, and that J. H. Morris, agent of Alice Morris, informed F. K. Gardner, agent of plaintiff, who resides in Washington, D.C., that he would pay the taxes as soon as the records were complete, and after said records were complete J. H. Morris assured F. K. Gardner that he had paid the taxes on said lot.
3. That plaintiff, after the purchase of said lot, expended some $10,000 on same in erecting a residence thereon.
4. That on 17 November, 1930, a suit was instituted by the county of Buncombe entitled, `County of Buncombe v. Katherine B. Williamson and husband _______ Williamson,' for 1928 taxes which remained unpaid, and summons was placed in the hands of the sheriff and a return was made thereon, with a rubber stamp, as follows: `Due search made, defendant not to be found in my county,' and thereupon affidavit for service of summons by publication was made and order granted and notice published in a newspaper for the statutory time.
5. That Katherine B. Williamson was at the time present in the city of Asheville and in Buncombe County, and has been in said county and city continuously since said date of said summons.
6. That after publication of summons for the required time, a judgment was entered against Katherine B. Williamson for the taxes of 1928, in the sum of $21.81, which included taxes and cost to that date; and thereafter a commissioner was appointed to sell the lot in question and same was sold for the sum of said taxes and cost, and the property was bid in by Buncombe County, and the bid of said county was thereafter assigned to the defendant, Auburn-Asheville Company, for the sum of $21.91, and a deed was made by the commissioner to said defendant for the property, on 12 May, 1932, which deed has been placed of record.
7. That plaintiff, through her agent, F. K. Gardner, was notified that defendant held a deed for the property about 12 May, 1932, and a *Page 685 
tender of the amount of taxes and costs was made to the defendant on that date and the same was refused.
8. That thereafter notice was given to defendant to show cause why the judgment entered in favor of Buncombe County and against Katherine B. Williamson for the taxes of 1928, should not be set aside, and said motion was held 5 July, 1932, and same was set aside by the clerk of the Superior Court of Buncombe County who had rendered said judgment, and notice of appeal was given by defendant from the order of the clerk setting aside the judgment.
9. That this present action was instituted about 6 July, 1932, to set aside and cancel the deed made to the defendant which had been placed on record, plaintiff contending that same constitutes a cloud on her title.
10. That at the trial of said cause, plaintiff again tendered into court for the use and benefit of the defendant, the amount of said tax and cost and accrued interest, and said tender was again refused in open court.
From the foregoing findings of fact by the court, based upon the evidence offered by the respective parties to the action, the court orders and adjudges:
That the deed made by the commissioner, J. C. Joyner, to the defendant, Auburn-Asheville Company, on 12 May, 1932, and registered in Deed Book No. 449, at pages 419 and 420, for the property of the plaintiff as set out and described in said deed and in the deed made to the plaintiff, is and constitutes a cloud upon the title of the plaintiff in this action.
It is therefore ordered and adjudged that the said deed be and the same is hereby declared null and void and that this judgment be recorded in the office of the register of deeds for Buncombe County.
It is further ordered and adjudged that the register of deeds of Buncombe County, N.C. be and he is hereby authorized and directed by this decree to make the proper entry of cancellation upon the pages of deed book where said deed is registered, as above set forth, and upon the cross-index of said deed records of said county.
It is further ordered that plaintiff pay into the office of the clerk of this court the sum of $22.50, being the amount of taxes, interest and costs in connection with the sale of said property for the unpaid taxes of 1928, for the use and benefit of the defendant in this action.
It is further ordered and adjudged that the defendant pay all the costs of this action. This 19 September, A.D. 1932."
Upon appeal by defendant to the Superior Court, exceptions and assignments of error were duly made. The court below rendered the following judgment: *Page 686 
"This cause coming on to be heard at this term of the court before the undersigned, P. A. McElroy, judge, holding the courts of the 19th Judicial District of North Carolina, upon an appeal taken by the defendant from a judgment rendered by the judge of the General County Court of Buncombe County, N.C. and upon exceptions taken and made by the defendant during the trial of said cause before said General County Court. And the said cause, on appeal, having been heard upon the record and the exceptions noted and taken thereto by the defendant from a judgment rendered by said judge of said General County Court in favor of the plaintiff, and after hearing the matter and the exceptions set out in the record and the argument of counsel for both plaintiff and defendant, it is adjudged by the court that there is no error in the judgment of the General County Court rendered in favor of the plaintiff and against the defendant, and said judgment is in all respects affirmed, and the cost of said action together with the cost of the appeal to this court be taxed against the defendant, and the terms of the judgment of the General County Court will be carried out as therein set forth. P. A. MCELROY, Judge Presiding."
The defendant excepted and assigned error to the judgment as signed, and appealed to the Supreme Court.
The findings of the General County Court on appeal by defendant and approved by the court below, has this in it: "That thereafter notice was given to defendant to show cause why the judgment entered in favor of Buncombe County and against Katherine B. Williamson for the taxes of 1928, should not be set aside, and said motion was held 5 July, 1932, and same was set aside by the clerk of the Superior Court of Buncombe County who had rendered said judgment, and notice of appeal was given by defendant from the order of the clerk setting aside the judgment."
This was the proper procedure. Davis v. Brigman, ante, 680. So far as it appears of record notice of appeal was given by defendant from the order of the clerk setting aside the judgment, but it does not appear that the appeal has been perfected. The defendant was not made a party in the procedure before the clerk, as he could have been. Davis case, supra.
This present action is to remove the cloud upon the title of the land (C. S., 1743), which defendant claims title to. The judgment against Katherine B. Williamson having been set aside and a nullity, we think the judgment of the court below is correct. The judgment is
Affirmed. *Page 687