### J. S. JORDAN v. MRS. LYDIA McKENZIE.

(Filed 26 November, 1930.)

**1. Process B f—Return of process by sheriff showing service is prima facie evidence of service, but is rebuttable.**

A summons returned by the sheriff showing service is prima facie evidence that it had been served, but it is not conclusive, and the contrary may be shown by clear and unequivocal evidence.

**2. Judgments K d—Remedy to set aside judgment for failure to serve summons is by motion in original cause when record shows sheriff's return.**

Where it appears by record that the sheriff's return shows that a summons has been served on the defendant, and the defendant contends to the contrary that in fact it had not been served, the defendant's remedy is by motion in the cause, and when it appears of record that no summons has been served, his remedy is by independent action, and in such instances the judgment is subject to collateral attack.

**3. Appeal and Error K a—Upon failure of court to find facts on motion to set aside judgment for failure of service the case will be remanded.**

Where a judgment by default has been entered against a defendant by the clerk for the want of an answer, and thereafter the defendant has died and his administrator moves the court to set it aside on the ground that the sheriff's return of service was not in truth and fact correct, and that the summons had not been served, and offers sufficient evidence to sustain his motion, it is the duty of the Superior Court judge hearing and determining the matter to set out in his judgment denying the motion his findings of fact with his conclusions of law, and on appeal the case will be remanded when he has failed to do so.

APPEAL by D. A. McKenzie, administrator of Mrs. Lydia McKenzie, the defendant, from *Barnhill, J.,* at March Term, 1930, of MOORE. Remanded.

This is an action to recover of the defendant the sum of $341.25, damages for breach of the covenant of seizin contained in a deed by which the defendant conveyed to the plaintiff the land described therein.

The action was begun in the Superior Court of Moore County on 22 March, 1928. On Monday, 30 April, 1928, judgment by default final was entered by the clerk of said court. In said judgment it is recited that it appeared to the court that the summons and the complaint, duly verified, had been duly served on the defendant by the sheriff of Scotland County, on 24 March, 1928, and that no answer or other pleading had been filed by the defendant. It was thereupon adjudged, on motion of the plaintiff that plaintiff recover of the defendant the sum of $341.25, with interest and costs.

Since the rendition of the judgment by default final in this action, the defendant, Mrs. Lydia McKenzie, has died. Her son, D. A. McKenzie, was duly appointed her administrator on 11 March, 1930.

On 22 March, 1930, after notice to plaintiff, the said D. A. McKenzie, administrator of Mrs. Lydia McKenzie, the defendant, moved in the action before the clerk of the Superior Court of Moore County, that the judgment by default final be set aside and vacated, on the ground (1) that the summons herein was never served on the defendant, Mrs. Lydia McKenzie, notwithstanding the return thereon to the contrary; and (2) that in any event, upon the cause of action alleged in the complaint, plaintiff was not entitled to judgment by default final, but at most only to judgment by default and inquiry.

From the order of the clerk, denying his motion, the said D. A. McKenzie, administrator of Mrs. Lydia McKenzie, appealed to the judge of the Superior Court, holding the courts of Moore County.

At the hearing of said appeal at March Term, 1930, of the Superior Court of Moore County, evidence was offered by the said D. A. McKenzie, administrator, tending to show that on 24 March, 1928, the day on which it appears from the return thereon, that the summons in this action was served by the sheriff of Scotland County, Mrs. Lydia McKenzie, the defendant, was at the home of her son, D. H. McKenzie, in Scotland County; that on said day the said defendant was confined to her bed, suffering from a disease, which soon thereafter caused her death; that because of said disease, she was at times delirious, and incapable of understanding the purpose and effect of the service of a summons; that her condition, both physical and mental, on said day, was made known to the deputy sheriff, who had come to her son's home to serve the summons and complaint in this action; that at the request of defendant's son, the deputy sheriff did not read or undertake to read the summons to Mrs. Lydia McKenzie, or leave with her a copy of said summons or complaint; that a copy of the summons and complaint was left by the deputy sheriff with the son of Mrs. Lydia McKenzie, who undertook to deliver the same to the defendant as soon as she should be capable of understanding the purpose and effect of the same; and that from said date to the date of her death, shortly thereafter, Mrs. Lydia McKenzie was continuously incapable, because of her disease, of understanding either the purpose or effect of the service of a summons, and for this reason, her son did not deliver the copies of the summons and complaint to her. The only evidence offered by the plaintiff was the return on the summons, from which it appeared that the summons had been duly and regularly served on the defendant by the sheriff of Scotland County, on 24 March, 1928.

At the conclusion of the hearing judgment was rendered by the judge presiding, denying the motion of D. A. McKenzie, administrator, and affirming the order of the clerk.

The only fact set out in the judgment as found by the judge, with respect to the service of the summons, is as follows: "That the summons herein appears to have been duly and regularly served."

The judge did not pass upon the contention of D. A. McKenzie, administrator, that on the cause of action alleged in the complaint, plaintiff was not entitled, in any event, to a judgment by default final. He concluded only that "by the default judgment rendered substantial justice has been done, and the motion therefore is denied."

From the judgment denying his motion, and affirming the order of the clerk, D. A. McKenzie, administrator of Mrs. Lydia McKenzie, the defendant, appealed to the Supreme Court.

*L. B. Clegg for plaintiff.*
*Henry Seawell for defendant.*

CONNOR, J. Where it appears on the record, as in the instant case, that the summons in an action was duly served, and the defendant alleges that in truth and in fact the summons was not served, as appears by the return thereon, and on this ground the defendant prays that a judgment by default be set aside and vacated, his remedy is by a motion in the cause, and not by an independent action; it is otherwise, where it appears on the record that no summons was ever served on the defendant. In the latter case the judgment is subject to collateral attack, whereas in the former case the attack must be direct, and made by motion in the action in which the judgment was rendered. This principle is stated by *Walker, J.,* in *Stocks v. Stocks,* 179 N. C., 285, 102 S. E., 306, and is approved as stated by *Allen, J.,* in *Caviness v. Hunt,* 180 N. C., 384, 104 S. E., 763.

The return of a sheriff or other officer to whom a summons was directed for service, showing that the summons has been duly served on the defendant, while prima facie sufficient to show that the summons has been served, is not conclusive. The contrary may be shown by evidence which is clear and unequivocal. *Long v. Town of Rockingham,* 187 N. C., 199, 121 S. E., 461.

In the instant case, it does not appear from the judgment that the judge has found the facts involved in the contention of appellant that the summons was not in truth and in fact served on defendant, or that the judge has passed upon or decided the question of law involved in the contention that upon the cause of action alleged in the complaint, plaintiff was not entitled, in any event, to judgment by default final. The action is therefore remanded, with direction that the judge find

the facts from the evidence and set them out in his judgment, and if he shall find that the summons was in truth and in fact duly served on the defendant, as appears by the return thereon, with direction that he pass upon and decide the question involved in the motion, whether on the allegations of the complaint, the plaintiff was entitled to judgment by default final. It is so ordered.

Remanded.