HOBART DAVIS, C. A. REDMON AND HIS WIFE, WINNIE REDMON, v. WAYNE BRIGMAN AND HIS WIFE, SALLIE BRIGMAN.

(Filed 24 May, 1933.)

**1. Judgments K f—**

An independent action to set aside a judgment may not be treated as a motion in the original cause where all parties to the prior action are not parties to the action to set aside the judgment.

**2. Same—Remedy to set aside deed for failure to serve summons in tax foreclosure suit is by motion in the cause.**

Where a tax certificate has been foreclosed and deed made to the purchaser's assignee, the remedy of the former owner to set aside the deed on the grounds that summons in the foreclosure action was not in fact served and that the land was not properly listed for taxation and was insufficiently described, is by motion in the original cause and not by

independent action, there being no allegation of fraud or any other ground of equitable relief, since, if the cause be treated as a suit to remove cloud upon title, it would be necessary to vacate the judgment in the foreclosure proceedings, and plaintiff's contention that he could not proceed by motion in the original cause because the grantee in the foreclosure deed was not a party to the original suit cannot be sustained, since the grantee is in privity with the foreclosure judgment and its validity could be attacked by motion in the cause after notice to the parties and their privies.

APPEAL by plaintiffs from *Clement, J.,* at October Term, 1932, of MADISON.

*George M. Pritchard for plaintiffs.*
*John A. Hendricks for defendants.*

ADAMS, J. When the complaint and answer were read the defendants made a motion to dismiss the action; the motion was allowed and the plaintiffs excepted and appealed. Whether the judgment is correct is dependent chiefly upon the allegations in the complaint.

On 29 June, 1931, or prior thereto, the county of Madison instituted an action against the plaintiffs to foreclose a tax certificate issued to the county pursuant to a sale of the land in controversy. No answer was filed and an interlocutory order was made in which a commissioner was appointed to sell the land. Disston Silver became the highest bidder and assigned his bid to the defendant Wayne Brigman. Afterwards a final decree was made and the commissioner by direction of the court executed and delivered a deed in fee simple to the assignee.

It is alleged in the complaint that the summons in the foreclosure proceedings purports to have been issued by the clerk of the Superior Court and to have been served on the plaintiffs, but that in fact it was never served, and that the return of the officer is incorrect. It is alleged, also, that the lands were not properly listed for taxation and were insufficiently described.

The defendant's motion to dismiss the action was based upon two grounds: (1) the plaintiffs brought an independent action to set aside a judgment taken before the Superior Court for want of an answer; (2) the plaintiffs' only remedy was by motion in the cause.

This action cannot be treated as a motion in the foreclosure proceedings for the reason that all the parties to the foreclosure are not parties to the present action. The remaining question is whether the relief sought by the plaintiffs can be administered in an independent action. The plaintiffs claim that the relief sought is the removal of a cloud on the title of their land; but in order to remove the alleged cloud it is necessary to vacate the judgment rendered when the tax certificate

was foreclosed. This Court has repeatedly held that when it appears from the officer's return that a summons has been served as required by law, when in fact it has not been served, the remedy is a motion in the cause to set aside the judgment and not an independent action. In such event the judgment cannot be collaterally attacked; relief must be sought in a direct proceeding to have the judgment set aside. *Doyle v. Brown,* 72 N. C., 393; *Brickhouse v. Sutton,* 99 N. C., 103; *Spencer v. Credle,* 102 N. C., 68; *Whitehurst v. Transportation Co.,* 109 N. C., 342; *Bailey v. Hopkins,* 152 N. C., 748; *Stocks v. Stocks,* 179 N. C., 285; *Caviness v. Hunt,* 180 N. C., 384; *Jordan v. McKenzie,* 199 N. C., 752. It will be observed that there is no allegation in the complaint of fraud or any other ground of equitable relief.

It is contended that the plaintiffs cannot proceed by motion in the cause for the reason that the defendants in the present action were not parties to the proceedings to foreclose the tax certificate. This position cannot be maintained because the purchaser claims under the judgment rendered in the foreclosure proceedings and is therefore in privity to the judgment. *Sills v. Ford,* 171 N. C., 733. If the judgment under which he claims should be set aside his deed would convey no title. By motion in the cause after notice to all the parties and privies the plaintiffs may contest the questions which they undertake to raise in the present action.

As now constituted the suit cannot be upheld as an independent action. The remedy is entirely at law; it involves no equitable principle; and as stated it cannot be treated as a motion in the cause. Judgment

Affirmed.