### HARRIET DOWNING v. H. J. WHITE.

(Filed 16 December, 1936.)

**1. Judgments § 22—**

A judgment against a party who has not been brought into court in some way sanctioned by law, or who has not made a voluntary appearance, is void and may be treated as a nullity without any direct proceeding to vacate it.

**2. Same—Where record does not show that defendant was a party, defendant may attack the judgment by independent action.**

Action was brought by a creditor to set aside a deed from the debtor to his daughter for fraud. All papers in the action were lost except the judgment setting aside the conveyance, and the judgment did not disclose that the daughter was a party to the action. The daughter instituted this action to set aside the judgment as a cloud upon her title, and introduced testimony that she had never been served with summons in the action to set aside the conveyance to her. *Held:* The record as constituted fails to disclose that the daughter was a party to the action, and therefore she may attack the judgment by independent action, although if the papers in the action should be found and should disclose on their face that she was served with summons in the action, her sole remedy would be by motion in the cause to establish the fact of nonservice or "false return."

**3. Judgments § 26—Burden is on party attacking judgment to establish asserted nonservice.**

Where the record does not disclose that a person whose vested rights were involved in the action was made a party thereto, such person attacking the judgment on the ground that she was not a party to the action, has the burden of overcoming the *prima facie* presumption of jurisdiction arising from the rendition of the judgment.

APPEAL by plaintiff from *Williams, J.,* at Special June Term, 1936, of BLADEN.

Civil action in ejectment to redeem and to remove cloud on title.

The *locus in quo* consists of two tracts of land situate in Bladen County—one a 36-acre tract; the other containing 140 acres.

It is admitted that June Dix acquired title to the 40-acre tract in 1887, and to the 140-acre tract in 1888. He conveyed both tracts to

Harriet Dix, now Harriet Dix Downing, by deed dated 7 November, 1921, duly registered in Bladen County. Plaintiff and defendant both claim title from a common source.

Thereafter, it is alleged, suit was brought by Bridger Corporation against June Dix and Harriet Dix, first, to recover on a note given by June Dix to the Bridger Corporation, and, second, to set aside the afore-mentioned deed from June Dix to Harriet Dix as a fraudulent convey-ance so far as creditors were concerned. *Carswell v. Talley,* 192 N. C., 37, 133 S. E., 181. There was a judgment for the plaintiff in said action, rendered at the January Term, 1924, decreeing the deed in ques-tion to be null and void and ordering its cancellation. All the papers in this proceeding, save the judgment, seem to have been lost.

The plaintiff testified that no summons was ever served on her in the case of "Bridger Corporation *v.* Dix," the only title appearing on the judgment, and this was corroborated by her father, with whom she lived at the time. The court held that the judgment rendered in said action, canceling plaintiff's deed, was a bar to her right to recover in the present proceeding, and instructed the jury accordingly.

Verdict and judgment for defendant, from which plaintiff appeals, assigning errors.

*A. M. Moore for plaintiff, appellant.*
*H. H. Clark for defendant, appellee.*

STACY, C. J. This is the same case that was before us on a procedural question at the Spring Term, 1934, reported in 206 N. C., 567, 174 S. E., 451.

It is elementary that unless one named as a defendant has been brought into court in some way sanctioned by law, or makes a voluntary appearance in person or by attorney, a judgment rendered against him is void for want of jurisdiction. *Dunn v. Wilson,* 210 N. C., 493; *Guerin v. Guerin,* 208 N. C., 457, 181 S. E., 274; *Harrell v. Welstead,* 206 N. C., 817, 175 S. E., 238; *Clark v. Homes, Inc.,* 189 N. C., 703, 128 S. E., 20; *Pinnell v. Burroughs,* 168 N. C., 315, 84 S. E., 364; *Card v. Finch,* 142 N. C., 140, 54 S. E., 1009; *Bernhardt v. Brown,* 118 N. C., 700, 24 S. E., 527, 715; *Armstrong v. Harshaw,* 12 N. C., 187.

True, "where it appears from the record that a person was a party to an action, when in fact he was not, the legal presumption that he was properly a party is conclusive until removed by a correction of the record itself, by a direct proceeding for that purpose." *Smathers v. Sprouse,* 144 N. C., 637, 57 S. E., 392; *Doyle v. Brown,* 72 N. C., 393. In other words, where it affirmatively appears from the record in a case that one was duly served or made a party thereto, the remedy for establishing the

fact of nonservice or "false return," if such be the fact, is by motion in the cause and not by an independent action. *Davis v. Brigman*, 204 N. C., 680, 169 S. E., 421; *Long v. Rockingham*, 187 N. C., 199, 121 S. E., 461; *King v. R. R.*, 184 N. C., 442, 115 S. E., 172; *Eure v. Paxton*, 80 N. C., 17. Here, however, it does not appear that Harriet Dix was ever a party, or attempted to be made a party, to the action of "Bridger Corporation *v.* Dix." The papers have been lost, with the exception of the judgment, and the only title to the judgment is "Bridger Corporation *v.* Dix." So, under the circumstances, it not appearing that Harriet Dix was ever a party to said proceeding, we apprehend her right presently to attack the judgment rendered therein as a cloud on her title ought not to be denied. *Stocks v. Stocks*, 179 N. C., 285, 102 S. E., 306; *Truelove v. Parker*, 191 N. C., 430, 132 S. E., 295. Nothing was said in *Clark v. Homes, Inc., supra; Pinnell v. Burroughs, supra; Bailey v. Hopkins*, 152 N. C., 748, 67 S. E., 569; *Hargrove v. Wilson*, 148 N. C., 439, 62 S. E., 520; *Rackley v. Roberts*, 147 N. C., 201, 60 S. E., 975; *Brickhouse v. Sutton*, 99 N. C., 103, 5 S. E., 380; or *Sumner v. Sessoms*, 94 N. C., 371, which militates against this position.

The laboring oar, of course, is with the plaintiff, as a *prima facie* presumption of jurisdiction arises from the exercise of it, and throws the burden of disproving its existence upon the party denying it. *Starnes v. Thompson*, 173 N. C., 466, 92 S. E., 259.

Should the papers be found, and the fact of nonservice appear on the face of the record, plaintiff's right to attack the judgment would *ipso facto* be established. *Graves v. Reidsville*, 182 N. C., 330, 109 S. E., 29. *Non constat* that this right should be denied simply because the papers have been lost. *Pinnell v. Burroughs, supra; Massie v. Hainey*, 165 N. C., 174, 81 S. E., 135; *Card v. Finch, supra*.

In *Bernhardt v. Brown, supra*, there is an observation to the effect that "in the absence of the transcript of the proceedings therein, the presumption of law is that it is regular in all respects, including service," but this was said in reference to one who appeared to be a party to such proceeding, and not to one who did not so appear, nor did it have reference to lost records.

It is well established here and elsewhere that "a judgment rendered by a court against a citizen affecting his vested rights, in an action or proceeding to which he is not a party, is absolutely void, and may be treated as a nullity whenever it is brought to the attention of the court." *Johnson v. Whilden*, 171 N. C., 153, 88 S. E., 223.

Again, in *Doyle v. Brown, supra*, it was held that "when a defendant has never been served with process, nor appeared in person or by attorney, a judgment against him is not simply voidable, but void, and may be so treated whenever and wherever offered, without any direct proceeding to vacate it."

Similarly, in *Condry v. Cheshire*, 88 N. C., 375, it was held (as stated in third headnote) : "A judgment against a party upon whom no service of process has been made nor appearance entered, is absolutely void, and may be so treated without any direct proceeding to vacate it."

In this view of the matter, considering the present state of the record, it would seem the plaintiff is entitled to question the judgment in the *Bridger Corporation case,* to show its invalidity, if she can, and if found to be void, to have it removed as a cloud on her title. *Johnson v. Whilden, supra; Oliver v. Hood, Comr.,* 209 N. C., 291, 183 S. E., 657. Of course, if, upon the discovery of the lost papers in said suit, it should appear that the plaintiff was duly or ostensibly made a party thereto, a different principle would prevail. *Davis v. Brigman, supra; Dunn v. Wilson, supra.*

New trial.