CITY OF MONROE v. EFFIE NIVEN, Administratrix, VICTOR H. NIVEN and Wife, MRS. VICTOR H. NIVEN; VANDER E. NIVEN and Wife, MRS. VANDER E. NIVEN; BEATRICE M. WHITLEY and Husband, ................ WHITLEY; BERTHA E. BLUE and Husband, REV. ................ BLUE; WILLIE B. NIVEN, THOMAS J. NIVEN, WALTER B. NIVEN, FIRST NATIONAL BANK, PEOPLES BUILDING & LOAN ASSOCIATION, and the COUNTY OF UNION.

(Filed 20 May, 1942.)

**1. Judgments § 22h—**

A void judgment is one which has a mere semblance but is lacking in some of the essential elements which would authorize the court to proceed to judgment.

**2. Same—**

A judgment *in personam* obtained without jurisdiction of defendant by service of process or voluntary appearance is absolutely void for want of jurisdiction, and may be disregarded and treated as a nullity at any time, everywhere.

**3. Judgments § 22b—**

Where the record shows service or appearance when in fact there had been none, the judgment is apparently regular though void in fact, and the proper remedy of the party affected to correct the record is by motion in the cause.

**4. Judgments § 22h: Appearance § 2b—**

A judgment which is void for want of service of process is not validated by a general appearance to move to vacate, since *ex nihilo nihil fit.*

**5. Same—**

A showing of a meritorious defense is not necessary to vacate a void judgment. However, want of service is a meritorious defense.

**6. Same: Judgments § 22d—**

Lapse of time will not bar the right to move to vacate a void judgment.

Monroe v. Niven.

Appeal by individual defendants from *Phillips, J.,* at October Term, 1941, of Union.   Reversed.

Motion in the cause to set aside judgment for want of service of process.

Plaintiff instituted this action in November, 1935, to foreclose tax lien upon certain land in the city of Monroe owned by the individual defendants.   Summons was returned showing service on all defendants, although in fact it had been served only on the defendant Effie Niven, Administratrix.   There was judgment of foreclosure, sale and decree of confirmation.   Gordon Insurance & Investment Company became the purchaser.

On 6 September, 1941, the individual defendants issued and had served on the purchaser and the parties now claiming to be the owners of the property under the foreclosure sale, notice of motion to vacate the judgment for that no notice of said action ·or summons in said proceedings was ever served upon them.   While apparently no notice was issued to the plaintiff, it appeared and filed answer to the motion.

When the cause came on to be heard before the clerk he found as a fact:

"1. That none of the defendants were personally served with summons with the exception of Effie Nivens, Administratrix.

"2. That Walter Nivens was a minor at the time of the original action was instituted, he having been born on September 15, 1915, and that over three years elapsed after he became of age before the filing of the motion in the cause.

"3. That the records show that all of the defendants were duly served with summons, the judgment authorized the sale, and the Court had jurisdiction of the subject matter.

"4. That Gordon Insurance & Investment Company purchased the property at the foreclosure sale as an innocent purchaser for value, without notice of any irregularity in the proceeding.

"5. That the Gordon Insurance & Investment Company sold the property to J. L. Brewer and that the defendants in this action are contending in the case of *Brewer v. Brewer,* now on file in this Court, that they are entitled to the property by virtue of a contract with the said J. L. Brewer.

"6. That the defendants have not shown that the original judgment in this cause affects injuriously their rights and that they have a meritorious defense or could make a meritorious defense.

"7. That approximately five years elapsed between the time of the original judgment was filed and the filing of the motion in the cause and that during that time the defendants knew that J. L. Brewer had purchased the property on September 29, 1936, went into possession of the

property, collected rents from the tenants on the premises for approximately 27 months and after his death the defendants allowed the Executor of J. L. Brewer to collect rents for approximately 22 months.

"8. That more than three years have elapsed since judgment confirming sale and delivery of deed to purchaser, Gordon Insurance & Investment Company."

Upon said findings of fact the clerk adjudged that the judgment is voidable and not void and denied the motion to vacate. On appeal the court below adopted the findings of fact and conclusions of law of the clerk and denied the motion to annul the judgment. Defendants excepted and appealed.

*E. Osborne Ayscue and W. H. Rooker for appellees.*
*P. H. Bell for defendants, appellants.*

BARNHILL, J.  A void judgment is one which has a mere semblance but is lacking in some of the essential elements which would authorize the court to proceed to judgment. McIntosh P. & P., sec. 651, p. 734; *Harrell v. Welstead,* 206 N. C., 817, 175 S. E., 283.

Jurisdiction of the party, obtained by the court in some way allowed by law, is essential to enable the court to give a valid judgment against him. *Stancill v. Gay,* 92 N. C., 462; *Guerin v. Guerin,* 208 N. C., 457, 181 S. E., 274.  When a court has no authority to act its acts are void. It is the service of process in some manner authorized by law that causes the jurisdiction of the court to attach to and give the court control of the party thus brought into court.

When a court of general jurisdiction undertakes to grant a judgment in an action where it has not acquired jurisdiction of the parties by voluntary appearance or the service of process the judgment is absolutely void and has no effect.  It may, therefore, be disregarded and treated as a nullity everywhere.  It is *coram non judice.  Copper Co. v. Martin,* 70 N. C., 300; *Card v. Finch,* 142 N. C., 140; *Stancill v. Gay, supra; Guerin v. Guerin, supra; Dunn v. Wilson,* 210 N. C., 493, 187 S. E., 802; *Clark v. Homes,* 189 N. C., 703, 128 S. E., 20; *Harrell v. Welstead, supra; Johnson v. Whilden,* 171 N. C., 153, 88 S. E., 225; *Flowers v. King,* 145 N. C., 234; *Downing v. White,* 211 N. C., 40, 188 S. E., 815, and cases cited.  This is so because it is against natural justice as well as fundamental right to take judgment against a man without giving him an opportunity to defend himself and his right of property.

Where the record shows service or appearance when in fact there had been none the judgment is apparently regular though void in fact and the party affected must take appropriate action to correct the record. *Doyle v. Brown,* 72 N. C., 393.  This is by motion in the cause.  *Harrell*

*v. Welstead, supra; Davis v. Brigman,* 204 N. C., 680, 169 S. E., 421; *Downing v. White, supra,* and cases cited; *Adams v. Cleve,* 218 N. C., 302, 10 S. E. (2d), 911; *Guerin v. Guerin, supra; Fowler v. Fowler,* 190 N. C., 536, 130 S. E., 315.

A general appearance to move to vacate a void judgment does not validate a judgment rendered without service of process. "A nullity is a nullity, and out of nothing nothing comes. *Ex nihilo nihil fit* is one maxim that admits of no exception." *Harrell v. Welstead, supra; Chemical Co. v. Turner,* 190 N. C., 471, 130 S. E., 154; *Motor Co. v. Reaves,* 184 N. C., 260, 114 S. E., 175; *Michigan Central Railroad Co. v. Mix,* 278 U. S., 492; 73 L. Ed., 470; 15 R. C. L., 700.

No proof or suggestion of merit is required. *Flowers v. King, supra.* Even so, the want of service is the meritorious defense. *Adams v. Cleve, supra;* 15 R. C. L., p. 700, sec. 152; p. 692, sec. 144.

Nor are movants barred by the lapse of time. "The passage of time, however great, does not affect the validity of a judgment; it cannot render a void judgment valid." 31 Am. Jur., 66; Anno. 81 A. S. R., 559.

Hence, it follows that upon the facts found, to which appellees do not except, the court below erred in denying the motion of defendants. The judgment must be vacated of record.

The parties undertake to debate here the rights of the assignees of the purchasers at the foreclosure sale. It is asserted that the present owners are purchasers for value without notice and that as to them the judgment, being regular on its face, should stand.

These questions are not before us for discussion or decision. The motion is directed solely to the alleged invalidity of the judgment of foreclosure as against movants. This is all we decide. To what extent those who acquired paper title under the foreclosure judgment and the commissioner's deed are protected by the apparent regularity of the judgment is a question which must be reserved for another day and another action.

The judgment below is
Reversed.