Horton v. Davis

W. W. HORTON v. ANNIE E. DAVIS, ROBERT R. DAVIS, PAUL DAVIS AND WIFE, MRS. PAUL DAVIS

No. 7118SC256

(Filed 17 November 1971)

**Judgments §§ 30, 32; Taxation § 44— attack on tax foreclosure judgment — collateral attack**

Where the record in a tax foreclosure proceeding shows on its face that service of process was lawfully had on the delinquent property owner, it is improper, in a subsequent action in ejectment in which the property owner is not a party, to attack the foreclosure judgment collaterally on the ground that service of process was not had on the property owner.

HEARD upon order for rehearing entered 23 August 1971. The appeal was from *Martin, Robert M., Judge,* September and October 1970 Sessions, Superior Court of GUILFORD County. Opinion dismissing the appeal is reported in 11 N.C. App. 592. Plaintiff petitioned for rehearing, and the petition was allowed.

This action was brought on 2 February 1968 as an action in ejectment. The complaint alleges that defendants Annie E. Davis and Robert R. Davis are in possession of certain described property owned by plaintiff. It further alleges that defendant Paul Davis "is claiming some interest in said property though plaintiff avers that said defendant Paul Davis and his wife have no claim whatsoever to the property described hereinbefore." The prayer was for possession of the property and for the court to require defendants to post a reasonable bond.

No answers were filed, and on 25 April 1968, the Assistant Clerk of Superior Court signed and entered a judgment by default final. The judgment found as facts that defendants Annie E. Davis and Robert R. Davis were served with process on 5 February 1968; that alias summons, issued on 27 February 1968, was, with copy of summons and complaint, served on Paul Davis and Mrs. Paul Davis; that on 2 April 1968, defendants were granted an extension of time to 12 April 1968 to answer; that no answers had been filed and time had expired. The order further found that plaintiff was the owner of the lands, that defendants Annie E. Davis and Robert Davis were in wrongful possession of the premises, and that plaintiff was entitled to rents at the rate of $60 per month. On these facts it was adjudged that plaintiff is entitled to possession and that

defendants Annie E. Davis and Robert R. Davis be removed from the premises and plaintiff put in possession, that title to the property "is free from all claims of the defendants, their heirs and assigns", and that plaintiff have and recover of defendants Annie E. Davis and Robert R. Davis the sum of $262.50.

On 23 December 1968, an order was entered by the Clerk of Superior Court, upon motion of Annie E. Davis, Robert R. Davis, and Paul Davis to set aside the judgment. In this order the court recited a hearing on 12 December 1968, and from the sworn testimony offered and affidavits submitted, the court found as facts that at the time of service of process on them Robert Davis and Annie Davis were *non compos mentis* and "the defendant, Paul Davis, has not been served with process and was not represented by counsel at the time the two orders extending the time to file answer were filed in this cause." Upon the facts found, the court ordered "that defendant, Paul Davis, be stricken from the judgment heretofore entered for lack of proper service of process" and that a guardian ad litem be appointed for Annie Davis and Robert Davis and "that the judgment heretofore entered be opened for the purpose of allowing said guardian ad litem to take said action; that execution be stayed under said judgment until final disposition of this cause by the Court." No exception was taken to any findings of fact or to the signing and entry of the order.

Guardian ad litem was subsequently appointed and was served with process. He filed answer on 20 March 1969 denying plaintiff's title and by way of further answer averring that the property is owned by Paul Davis. The answer admits that plaintiff has a deed but avers that the deed does not convey title because it was acquired by a tax foreclosure action which is void and that Annie Davis and Robert Davis are tenants of Paul Davis by agreement with him.

When the case came on for trial, plaintiff introduced deed from the commissioner in the tax foreclosure suit to him and showed that it had been recorded. He introduced further tax receipts for the years since the tax foreclosure suit and testified that he had paid the bid at foreclosure suit for back taxes in the amount of something over $1200. He testified that he had not been able to get the Davises out of the property, and that he had brought this suit to quiet title and recover possession.

He further identified and introduced into evidence deed from the City of High Point to Paul Davis and deed from Baumgardner, Commissioner, to the City of High Point. Paul Davis had purchased the property from the City of High Point in 1941, the City having acquired it in a tax foreclosure suit in 1940. The plaintiff further introduced into evidence the court file in the foreclosure action, including the complaint, summons, return on the summons showing Paul Davis not to be found in Wake County, affidavit of the attorney for service by publication, the clerk's order ordering publication, the clerk's certificate that Paul Davis had been mailed a copy of the notice of publication at his post office box in Raleigh, which was not returned to the sender, the News and Observer proof of publication, order appointing the commissioner to sell the property, order for sale, commissioner's sale notice, proof of publication of the sale, the commissioner's report of the sale, order confirming the sale, and the commissioner's report of disbursements.

Plaintiff then had the Guilford County attorney testify who handled the foreclosure. He testified that he inquired of Robert Davis the address of Paul Davis, and that he gave him a post office box number but no street address. The attorney wrote to Mr. Davis at that address and asked for his street address. His answer gave him only the post office box address. Summons in the foreclosure sale was sent to the sheriff, and was returned marked "After due diligence and search Paul Davis not to be found." The attorney testified that he went to Raleigh, called the utilities companies, checked the tax books, called Carolina Power and Light Company, and checked the telephone directory, and did not find any street address for this Paul Davis. On cross-examination he was shown the city directory for Raleigh and admitted that for the years 1966, 1967 and 1968 Paul Davis was listed at 529 North Person Street, Apartment 1.

Following this evidence, the court entered a judgment in which it found the facts to be as recited above. Based on these findings of fact and as a matter of law, the judge ordered:

(1) That the judgment and the commissioner's deed to the plaintiff in the tax foreclosure suit are invalid for want of proper service on the owner and defendant, Paul Davis, and the same are hereby declared null and void;

(2) That the plaintiff does not have title to the real property described in the complaint and is therefore not entitled to possession of the same;

(3) That the plaintiff be charged with costs to be assessed by the clerk; and

(4) That this judgment be recorded in the office of the Register of Deeds for Guilford County, North Carolina, and that the said Register of Deeds make the proper entry of cancellation upon the pages of Deed Book 2358, at page 690, and upon the cross index of the deed records of Guilford County, North Carolina.

On rehearing, Guilford County Board of Commissioners requested permission to file a brief *amicus curiae,* and the request was granted.

*Julian C. Franklin for plaintiff appellant.*

*Morgan, Byerly, Post and Herring, by J. V. Morgan and J. W. Clontz, for defendant appellees.*

*W. B. Trevorrow and Ralph A. Walker for Guilford County Board of County Commissioners.*

MORRIS, Judge.

This is, of course, an action in ejectment. Paul Davis, never having been served, is not a party thereto. Plaintiff and Guilford County strenuously contend that valid service was had upon Paul Davis in the tax foreclosure suit. Defendants just as strenuously contend that the service was not valid and the judgment, therefore, void. In our view of the case, this question is not before us.

In our opinion this is obviously an attempted collateral attack on a voidable judgment. The record in the tax foreclosure suit is, on its face, in order, and this precludes a collateral attack on the judgment. In *Jordan v. McKenzie,* 199 N.C. 750, 752, 155 S.E. 868 (1930), Justice Connor said:

"Where it appears on the record, as in the instant case, that the summons in an action was duly served, and the defendant alleges that in truth and in fact the summons was not served, as appears by the return thereon, and on this ground the defendant prays that a judgment by default

be set aside and vacated, his remedy is by a motion in the cause, and not by an independent action; it is otherwise, where it appears on the record that no summons was ever served on the defendant. In the latter case the judgment is subject to collateral attack, whereas in the former case the attack must be direct, and made by motion in the action in which judgment was rendered."

The same principle was reiterated in *Davis v. Brigman,* 204 N.C. 680, 169 S.E. 421 (1933). There the plaintiffs alleged that in 1931 Madison County instituted an action against plaintiffs to foreclose a tax certificate issued to the county pursuant to a sale of the land in controversy. No answer was filed and an order was entered appointing a commissioner to sell the land. Defendant in the action is the assignee of the high bidder at the sale. Afterwards a final decree was entered, and the commissioners, as directed by the court, executed and delivered a fee simple deed to the assignee. The complaint further alleged that the summons in the foreclosure proceedings was purportedly issued by the clerk and served on the plaintiffs but that in fact it was never served and the return of the officer was incorrect. Defendant moved to dismiss for that plaintiffs' only remedy was by motion in the cause. Justice Adams, writing for a unanimous Court, said:

"This action cannot be treated as a motion in the foreclosure proceedings for the reason that all the parties to the foreclosure are not parties to the present action. The remaining question is whether the relief sought by the plaintiffs can be administered in an independent action. The plaintiffs claim that the relief sought is the removal of a cloud on the title of (sic) their land; but in order to remove the alleged cloud it is necessary to vacate the judgment rendered when the tax certificate was foreclosed. This Court has repeatedly held that when it appears from the officer's return that a summons has been served as required by law, when in fact it has not been served, the remedy is a motion in the cause to set aside the judgment and not an independent action. In such event the judgment cannot be collaterally attacked; relief must be sought in a direct proceeding to have the judgment set aside. (Citations omitted.)"

Appellees rely on *Galer v. Auburn-Asheville Co.*, 204 N.C. 683, 169 S.E. 642 (1933), which they say is exactly in point, and is authority for their position that the judgment before us is void because of defective service. It is true that the circumstances surrounding the service of process are strikingly similar. However, there the facts were these: The land in litigation was owned by Katherine Williamson prior to September 1928. She conveyed it to Alice Morris free from encumbrance except 1928 taxes. Alice Morris conveyed it to plaintiff free from encumbrance and agreed to pay the 1928 taxes. The taxes were not paid. In 1930 Buncombe County instituted suit against Katherine Williamson for the 1928 taxes. Summons was returned and stamped by the sheriff "Due search made, defendant not to be found in my county." Thereafter, upon proper affidavit and order, notice of service by publication was published in a newspaper for the statutory time. Judgment was entered against Katherine Williamson and the property sold. Buncombe County bid the property in and assigned its bid to defendant, and deed was duly delivered to him and recorded. Plaintiff, in 1932, discovered that defendant had a deed for the property, and tendered the amount of taxes and costs to defendant, which tender was refused. *Plaintiff then caused notice to be given to defendant to show cause why the judgment entered in the tax foreclosure action should not be set aside.* In that proceeding it was made to appear that Katherine Williamson was, at the time of the issuance of the summons and had been continuously since that time, present in the City of Asheville and in Buncombe County. The judgment was set aside. *Plaintiff then instituted action to set aside and cancel the deed made to defendant which had been recorded contending that the recorded deed constituted a cloud on her title.* The trial court's judgment ordered cancellation of the deed, and it was from that judgment that defendant appealed. It is that appeal which is reported in 204 N.C. at 683. In affirming the trial court, Justice Clarkson noted that plaintiff by moving in the cause in the tax foreclosure action to have the judgment set aside and then bringing action to remove cloud had followed the proper procedure citing *Davis v. Brigman,* supra.

For the reasons set out herein the judgment of the trial tribunal is reversed and a new trial is ordered.

New trial.

Judges BROCK and HEDRICK concur.