Hassell v. Wilson

---

TEX R. HASSELL AND WIFE, PHRONIA LOY HASSELL v. J. KENYON WILSON, JR., TRUSTEE; ALBEMARLE SAVINGS & LOAN ASSOCIATION; AND JAMES AUBREY HUDSON AND WIFE, HELEN B. HUDSON

No. 791SC369

(Filed 8 January 1980)

1. **Judgments § 30— attack on judgment—independent suit improper**

    Plaintiffs improperly brought an independent action seeking to attack directly a judgment entered by the clerk of superior court wherein she ordered the foreclosure on plaintiffs' land to proceed, since plaintiffs made no allegations of fraud to entitle them to proceed by independent action, nor did they allege or demonstrate that service of process was irregular on its face so as to allow them to proceed in this fashion; rather, plaintiffs' proper remedy to set aside the clerk's order was by motion in the original foreclosure proceeding before the clerk.

2. **Mortgages and Deeds of Trust § 40.1— action to set aside foreclosure—court's ordering issuance of writ of possession improper**

    In an action to have an order of forclosure entered by the clerk of court set aside where defendants counterclaimed for damages for wrongful occupancy of their property, the trial court erred in determining that, because plaintiffs' action was dismissed, the foreclosure proceedings were in all respects confirmed and adjudicated lawful and proper, and the court's order directing the clerk of court to issue a writ of possession was unauthorized. G.S. 45-21.29(k).

APPEAL by plaintiffs from *Walker (Ralph A.), Judge.* Judgment entered 12 December 1978 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals on 29 November 1979.

Plaintiffs instituted this action seeking to have an order of foreclosure entered by the Clerk of Superior Court of Pasquotank County set aside, and to have a trustee's deed conveying certain real property to the defendants Hudson, in accordance with a sale of the property pursuant to the foreclosure order, declared null and void and set aside. In a verified complaint filed 27 January 1978, plaintiffs alleged that they had owned, as husband and wife, the subject property; that, on 1 September 1977, their balance on a note secured by a deed of trust on the property stood at $5,035.62, together with interest at eight percent; and that the foreclosure order and trustee's deed issued sometime after that date were void and should be set aside "because the plaintiff [husband] Tex R. Hassell had no service of notice of hearing on the proposed order for foreclosure and received no actual notice of the proceeding for foreclosure until January 2, 1978."

Answering, defendants averred that plaintiffs had made no payments on the note and deed of trust after the 1 February 1977 payment; that, because of their failure to pay, the holder of the note, Albemarle Savings and Loan Association, elected to accelerate the entire unpaid indebtedness and to institute foreclosure proceedings pursuant to the terms of the note and deed of trust; and that the plaintiff Tex R. Hassell had been lawfully served with notice of the foreclosure proceedings, as provided by Rule 4(j)(1)(a), G.S. § 1A-1, "by leaving copy thereof at Tex R. Hassell's dwelling house or usual place of abode . . . with Phronia Loy Hassell, Tex R. Hassell's wife and a person of suitable age and discretion then residing in said dwelling house or usual place of abode on September 16, 1977", all as shown by the officer's return of service. Defendants Hudson also asserted a counterclaim for rent at a rate of $65.00 per month allegedly due them for the plaintiffs' "wrongful possession and occupation of [the] premises" since the execution of the trustee's deed.

Prior to trial the parties entered into a stipulation which, except where quoted, is summarized as follows:

Plaintiffs acquired the subject property, a house and lot, by a duly recorded deed dated 22 March 1972. They executed a promis-

sory note to Albemarle Savings and Loan Association in the original principal amount of $6,000.00, payable in monthly installments of $58.00 on the first day of every month from 1 April 1972, and secured by a deed of trust to defendant Wilson, trustee. Plaintiffs have failed to make any monthly payments since 1 March 1977. Such failure authorized the holder of the note and deed of trust to accelerate the total unpaid debt and to bring foreclosure proceedings.

Thereafter, the trustee [defendant Wilson] filed notice of hearing on the foreclosure action with the Clerk of Superior Court of Pasquotank County, whereupon the Clerk issued an order of service which, together with the notice of hearing, was personally served on plaintiff Phronia Loy Hassell on 16 September 1977 by Deputy Sheriff James R. Staley. Pursuant thereto, the officer's return recited that he had served the order of service and notice of hearing on plaintiff Tex R. Hassell "by leaving copies with Phronia Loy Hassell who is a person of suitable age and discretion and who resides in the designated recipient's dwelling house or usual place of abode, . . ." Plaintiff Phronia Loy Hassell participated, along with the attorney for the trustee, at the subsequent hearing before the Clerk on 14 October 1977. At the close of the hearing, the Clerk issued a foreclosure order, authorizing the trustee to proceed with a sale of the property in accordance with Chapter 45 of the North Carolina General Statutes. Pursuant to the order, notice of sale of the property was duly posted and advertised as required by law. On 14 November 1977 defendants Hudson, as high bidders, purchased the property from the defendant Wilson at public auction for $6,300.00. No upset bids were received, and upon payment of the Hudsons' bid amount, defendant Wilson executed and delivered to the Hudsons a trustee's deed dated 1 December 1977, which was duly recorded.

The parties also stipulated that plaintiffs have brought a "companion action" which raises "the identical issues" and seeks "the same relief" as does the present action, by filing on 27 January 1978 a motion in the cause in the foreclosure proceedings with the Clerk of Superior Court of Pasquotank County. That action is pending, and the parties have "consented" that "the final result and judgment reached in the present action shall likewise finally determine said companion litigation . . . . "

The present action was tried in superior court before a judge without a jury. Plaintiffs offered evidence tending to show that they have been married for approximately 20 years and have resided at the subject premises for six years with their seven children; that the plaintiff Tex R. Hassell worked for a construction company which necessitated his staying away from home during the week; that he returned home every weekend if possible, or at least every two weeks; that the plaintiff Phronia Loy Hassell worked part time for a local restaurant; and that she was responsible for all the household duties, including paying all the bills with the money her husband gave her. She testified that she had been making the house payments to Albemarle Savings and Loan since they bought the house; that she knew she was "behind" in the payments, but did not tell her husband; that she received the notice of the foreclosure proceedings, and thereafter attended the hearing before the Clerk; that she "hid the copy of the notice of foreclosure which the sheriff served on me in September of 1977 under the mattress on the bed" and "never delivered those papers to my husband". It was her intention, she said, to "try and meet the obligation before the foreclosure became final." Although her husband continued to give her money to pay the bills, and she realized that she was responsible for doing so, she took no action to try to prevent the foreclosure.

The plaintiffs also offered evidence tending to show that Mrs. Hassell was depressed during the period immediately preceding the foreclosure; that she did not discuss the matter with anyone; and that she left home for a week in late December 1977 without telling her family where she was. It was during the time that she was gone, on 1 January 1978, that her husband discovered the foreclosure papers under the mattress. He testified that, prior to that time, he had no knowledge from any source that foreclosure proceedings had been brought against his property or that it had been sold to the Hudsons.

The plaintiffs remained on the property pending the outcome of their claim that Mrs. Hassell was not a person of "suitable age and discretion" through whom process could be effectively served on her husband. They have offered to buy the property back from the Hudsons and have deposited $6,300.00 with the Clerk of Superior Court to cover the purchase price paid.

At the close of the plaintiffs' evidence, the judge, without making any findings of fact, granted the defendants' motion for involuntary dismissal pursuant to Rule 41(b), G.S. § 1A-1. With respect to the defendants' counterclaim, he made findings of fact and conclusions of law, and entered a judgment that defendants Hudson recover from plaintiffs the fair rental value of the property at a rate of $65.00 per month from 1 December 1977 until such time as the plaintiffs vacated the premises. Plaintiffs appealed.

*Cherry, Cherry & Flythe, by Joseph J. Flythe, for plaintiff appellants.*

*White, Hall, Mullen, Brumsey & Small, by Gerald F. White, for defendant appellees.*

HEDRICK, Judge.

Plaintiffs argue on appeal that the judge erred in entering the judgment of involuntary dismissal. They contend that the evidence establishes invalid service on Mr. Hassell. Defendants strenuously contend the contrary. The question, however, is not before us. Nor was it before the Superior Court judge in the posture in which it was presented.

[1]   It is an elementary principle of law that a judgment which is regular and valid on its face may be set aside *only* by a motion in the original cause in the court wherein the judgment was rendered. 8 Strong's N.C. Index 3d, *Judgments* § 30 (1977). *Accord, East Carolina Lumber Co. v. West,* 247 N.C. 699, 102 S.E. 2d 248 (1958); *Davis v. Brigman,* 204 N.C. 680, 169 S.E. 421 (1933). The judgment may not be attacked collaterally. *Robinson v. United States Casualty Co.,* 260 N.C. 284, 132 S.E. 2d 629 (1963); *Horton v. Davis,* 12 N.C. App. 592, 184 S.E. 2d 601 (1971). Neither may a direct attack thereon be maintained in an independent action. *Davis v. Brigman, supra; Jordan v. McKenzie,* 199 N.C. 750, 155 S.E. 868 (1930). [*Cf. Downing v. White,* 211 N.C. 40, 188 S.E. 815 (1936), which held that a judgment *irregular on its face* may be attacked by independent action.]

Plaintiffs in the case before us have brought this independent action seeking to directly attack the judgment entered by the Clerk of Superior Court wherein she ordered the foreclosure to

proceed, pursuant to G.S. § 45-21.16 (1977 Supp.). They have made no allegations of fraud to entitle them to proceed by independent action. Strong's N.C. Index, *supra* at § 30.1. They have neither alleged nor demonstrated that service was irregular on its face so as to allow them to proceed in this fashion, *Downing v. White, supra,* and evidence *aliunde* the record of service is incompetent for such a purpose. *Williams v. Trammell,* 230 N.C. 575, 55 S.E. 2d 81 (1949). To the contrary, the record and the plaintiffs' own stipulations establish beyond question that service was *prima facie* valid. As was stated in *Davis v. Brigman, supra* at 682, 169 S.E. at 421:

> This Court has repeatedly held that when it appears from the officer's return that a summons has been served as required by law, when in fact it has not been served, the remedy is a motion in the cause to set aside the judgment and not an independent action.

*See also Harrington v. Rice,* 245 N.C. 640, 97 S.E. 2d 239 (1957); *Jordan v. McKenzie, supra.*

Jurisdiction of the original cause in this case lies with the Clerk of Superior Court of Pasquotank County. No appeal having been taken from the order of foreclosure as provided in § 45-26.16(d), plaintiffs' remedy to set aside that order is by motion in that action. The parties' effort to incorporate in this independent action a motion in the cause apparently filed in the original proceeding before the Clerk is feckless, since, under the statute, the Superior Court would have only appellate jurisdiction over the original foreclosure proceeding, and over the clerk's ruling on a motion in the cause. *Cf. Galer v. Auburn-Asheville Co.,* 204 N.C. 683, 169 S.E. 642 (1933). That portion of the judgment wherein plaintiffs' action is dismissed under Rule 41(b) must, therefore, be vacated.

[2] Defendants' counterclaim is essentially an ejectment proceeding, and an action for damages for wrongful occupancy of their property. The allegations in plaintiffs' purported claim hereinbefore discussed would be no defense to the defendants' proceeding for ejectment. *Horton v. Davis, supra.* If defendants prevail upon their counterclaim, they would be entitled to a judgment "that the defendant [plaintiffs herein] be removed from, and the plaintiff [defendants herein] be put in possession of, the . . .

premises". G.S. § 42-30. They would also be entitled to recover the reasonable rental value of the premises for such time as the plaintiffs wrongfully occupy such premises.

While the trial court made findings and conclusions which would support a judgment for defendants on their counterclaim, it clearly predicated its judgment on its erroneous finding and conclusion that

> by virtue of the dismissal of plaintiffs' action set forth in the complaint filed in the above entitled action, the foreclosure proceedings and trustee's deed dated December 1, 1977 from J. Kenyon Wilson, Jr., trustee to James A. Hudson and wife, Helen B. Hudson attacked by plaintiffs were in all respects confirmed and adjudicated lawful and proper.

However, a more serious error appears in the judgment for the defendants. The trial judge ordered that

> the plaintiffs, . . . be and are hereby directed to leave and vacate the subject property on or before January 15, 1979 and if said parties fail to so leave and vacate the subject property . . ., the Clerk of Superior Court of Pasquotank County is hereby directed to issue writ or order of possession after said date of the subject property in favor of James A. Hudson and wife, Helen B. Hudson . . . pursuant to N C Gen Stat Section 45-21.29(k).

In our opinion, the trial judge had no authority to order the Clerk to issue a writ of possession pursuant to G.S. § 45-21.29 since the Clerk is authorized by that statute to issue the writ only upon "application" by the mortgagee, the trustee or the purchaser of the property, and only after notice to the parties in possession. The judge in the present case, upon proper findings and conclusions, might have ordered the plaintiffs removed and the defendants put in possession, but that he did not do. Therefore, since the trial court clearly predicated its judgment for defendants upon its erroneous conclusion with respect to plaintiffs' attempt to set aside the foreclosure proceedings, and because the order directing the Clerk to issue a writ of possession is unauthorized, the judgment for defendants on their counterclaim must be vacated.

The result is: The judgment of involuntary dismissal as to the plaintiffs' action is vacated, and the matter is remanded to the Superior Court for the entry of an Order dismissing the complaint pursuant to Rule 12(b)(6), G.S. § 1A-1. With respect to defendants' counterclaim, the judgment is likewise vacated, and the cause remanded for further proceedings not inconsistent with this Opinion.

Vacated and remanded.

Judges MARTIN (Robert M.) and WELLS concur.