SARA M. JEFFREYS, INDIVIDUALLY, AND AS EXECUTRIX UNDER THE LAST WILL AND
    TESTAMENT OF ALMA MOORE SNIPES, DECEASED v. HARVEY FRANKLIN
    SNIPES AND CAROLINE TRICKEY

No. 799SC375

(Filed 5 February 1980)

**Wills § 9.2— probate jurisdiction of clerk—no collateral attack on order**
    In the administration of decedents' estates, the clerk's probate jurisdiction
is original and exclusive, and only where the record of the probate proceeding
shows affirmatively on its face that the clerk has no jurisdiction to enter his
order can the order be attacked in another court in another proceeding. There
was no showing in this action that the order of the clerk allowing defendant's
dissent showed affirmatively on its face that the clerk lacked jurisdiction to
enter it.

APPEAL by plaintiff from *Smith, David I., Judge.* Judgment
entered 12 February 1979 in Superior Court, PERSON County.
Heard in the Court of Appeals 29 November 1979.

Plaintiff brought this action in her individual interest and as
executrix under the last will of Alma Moore Snipes. Defendant
Snipes is the surviving spouse of Alma Moore Snipes and defend-
ant Trickey is the attorney-in-fact for defendant Snipes. This mat-
ter is a companion to another case heard by this Court on the
same day: *In the Matter of the Estate of Alma M. Snipes, de-
ceased.* The basic facts underlying this litigation are pertinent to
both cases.

Clerk entered judgment on 24 July 1978, awarding Harvey one-half of Alma's net estate. There was no appeal from this order.

On 20 December 1978, Sara Jeffreys, as executrix of Alma's will, filed a motion for relief from judgment under Rule 60(b)(1) and (2), on the basis of excusable neglect, newly discovered evidence, lack of jurisdiction, and irregularities in the hearing. The motion was heard before the Clerk on 23 January 1979, following which the Clerk entered an order denying relief. Sara Jeffreys appealed from that order to the Superior Court. The appeal was heard before Judge Smith, on 12 February 1979. After the hearing, Judge Smith entered an order affirming the Clerk's order. Sara Jeffreys appealed from that order to this Court, and in a separate opinion filed this day, we have affirmed the order of the Superior Court.

Plaintiff brought this independent action to set aside the order allowing the dissent, for an order restraining defendant Harvey from asserting his right to dissent, and for damages against defendant Trickey. Defendants in apt time moved to dismiss and answered plaintiff's complaint. From the court's order allowing said motion, plaintiff appeals.

*Watson, King & Hofler, by R. Hayes Hofler III, for plaintiff appellant.*

*Mount, White, King, Hutson, Walker & Carden, by R. Michael Carden and Albert W. Oakley, for defendant appellees.*

WELLS, Judge.

Plaintiff has set out six claims for relief in her complaint. All of them recite events or circumstances relating to the making of Alma Snipes' will, the probate of that will, and the dissent from that will by defendant Harvey Snipes by and through his attorney-in-fact, defendant Trickey. All of these matters were the subject of proceedings before the Clerk of Court and the Superior Court on appeal. In his findings of fact, Judge Smith has referred to and recalled those proceedings, and upon such findings, he concluded that the complaint in this action constituted a collateral attack on the prior judgment.

It is settled law that a judgment which is regular and valid on its face may be set aside only by motion in the original cause

in the court in which the judgment was rendered. *Hassell v. Wilson,* 44 N.C. App. 434, 261 S.E. 2d 227 (1980). *See also, Lumber Co. v. West,* 247 N.C. 699, 102 S.E. 2d 248 (1958). Such a judgment may not be attacked collaterally. Neither may a direct attack be maintained in an independent action. *Hassell v. Wilson, supra.*

In the administration of decedents' estates, the Clerk's probate jurisdiction is original and exclusive. *In re Estate of Adamee,* 291 N.C. 386, 230 S.E. 2d 541 (1976). *See also, Beck v. Beck,* 36 N.C. App. 774, 245 S.E. 2d 199 (1978). Only where the record of the probate proceeding shows affirmatively on its face that the Clerk has no jurisdiction to enter his order can the order be attacked in another court in another proceeding. *In re Davis,* 277 N.C. 134, 176 S.E. 2d 825 (1970). There is no showing in the case *sub judice* that the order of the Clerk allowing the dissent showed affirmatively on its face that the Clerk lacked jurisdiction to enter it.

All of the claims for relief asserted by plaintiff relating to the form, adequacy, regularity, or legality of the dissent involve matters within the exclusive jurisdiction of the Clerk and were the subject of orders properly entered in the administration of the estate of Alma Moore Snipes. Such matters cannot be collaterally attacked in this proceeding.

In her third and fourth claims, plaintiff has alleged that defendant Snipes had impliedly or expressly agreed with his late wife not to dissent from her will and that defendant Trickey obtained her power of attorney from defendant Snipes by falsely representing to him the nature of the power and by failing to divulge to him that she intended to execute the dissent. Plaintiff maintains that the defendant Snipes relied upon the alleged false representations of Trickey, so that the execution of the dissent was a fraud on the defendant Snipes, a fraud on the Court, and a fraud on the beneficiaries of Alma Snipes' will—the intended beneficiaries of the alleged agreement between Alma and Harvey. Plaintiff further alleged that defendant Trickey had tortiously interferred with the alleged agreement between Alma and Harvey.

These allegations were squarely before the Clerk of Court, who examined Snipes and found him to be of sound mind, capable

of understanding the nature of the action, and desirous of dissenting to the will.

> The final judgment of a court having jurisdiction over persons and subject matter can be attacked in equity after the time of appeal or other direct attack has expired only if the alleged fraud is extrinsic rather than intrinsic. Fraud is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court . . . . A party who has been given proper notice of an action, however, and who has not been prevented from full participation, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court.

*Stokley v. Stokley* and *Stokley v. Hughes*, 30 N.C. App. 351, 354-355, 227 S.E. 2d 131, 134 (1976). There being no question here as to the jurisdiction of the Clerk of Court and of the plaintiff's opportunity to present her case, if plaintiff has stated a case for any type of fraud, it is clearly for intrinsic and not extrinsic fraud. As stated by this Court in *Stokley, supra,* intrinsic fraud must be attacked by a motion in the cause and not collaterally, as plaintiff has attempted in the present action.

Affirmed.

Judges HEDRICK and MARTIN (Robert M.) concur.