THADDUS C. LITTLE, PLAINTIFF v. ESTIE BENNINGTON, IN HER CAPACITY AS CLERK OF SUPERIOR COURT; JANET C. GODWIN, IN HER CAPACITY AS ASSISTANT CLERK OF SUPERIOR COURT, DEFENDANTS

No. 9218SC358

(Filed 6 April 1993)

**Executors and Administrators § 183 (NCI4th)— order of contempt and commitment—no appeal—attack in separate action properly dismissed**

Where plaintiff was found in contempt and incarcerated for failure to file a proper accounting as executor of his mother's estate and failure to appear and show cause, plaintiff's proper course of action in contesting the court order would have been to appeal the order itself rather than to attack the order by seeking declaratory relief and the expunction of his records in a wholly separate action; therefore, the trial court properly dismissed plaintiff's claim since the court had no authority to grant plaintiff the relief sought in that it had no power to collaterally vacate the order of contempt and commitment.

**Am Jur 2d, Executors and Administrators §§ 960 et seq.**

Appeal by plaintiff from judgment entered 29 January 1992 in Guilford County Superior Court by Judge Thomas W. Ross. Heard in the Court of Appeals 10 March 1993.

*Central Carolina Legal Services, Inc., by Stanley B. Sprague and Ronald B. Halpern, for plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Alexander McC. Peters and June S. Ferrell, for defendants-appellees.*

WELLS, Judge.

Plaintiff instituted this action against defendants Clerk of Superior Court, Estie Bennington and Assistant Clerk of Court, Janet Godwin by filing a complaint and an application for writ of habeas corpus on 1 August 1991. The facts leading up to this action are as follows: In April 1990, the mother of plaintiff Thaddus Little died, leaving a will that gave all her property to her son. Plaintiff was named executor of her estate and was made collector by affidavit, pursuant to G.S. § 28A-25-1.

On 13 March 1991, plaintiff personally appeared before defendant Godwin, and, with her assistance, completed and filed an affidavit of collection, disbursement and distribution, listing the assets of his mother's estate and the disbursements in payments of debts.

On 28 May 1991, plaintiff was personally served with an order to file account, which stated that he had failed to file a sufficient and satisfactory account, and that he was required to file such account within 20 days or show good cause for failure to do so. The order further stated that failure to comply could result in attachment for contempt. Plaintiff never responded to this order. On 20 June 1991, plaintiff was personally served with an order, issued by defendant Godwin, stating he was in default of the 28 May 1991 order, and ordering him to appear at a hearing set for 2 July 1991, to show cause, if any, why he should not be removed as fiduciary and attached for contempt for failure to comply with the court's order. Plaintiff made no response and did not appear at the hearing. Defendant Godwin waited one week before issuing an order of contempt and commitment, pursuant to G.S. § 28A-25-4, on 9 July 1991. During that time, neither plaintiff nor anyone on his behalf, contacted defendant Godwin's office to explain plaintiff's absence.

In the 9 July order, defendant Godwin found that the order to appear and show cause had been personally served on plaintiff, that plaintiff had willfully and without just cause failed and re-

fused to file a proper accounting, that plaintiff was in default of a court order and in willful contempt, and that plaintiff failed to show cause why he should not be so adjudged. The order further provided that plaintiff would be placed in the county jail "where he shall remain until he files the required account."

Pursuant to the commitment order, plaintiff was arrested on 22 July 1991, and served 11 days in jail, until he exhibited the necessary documents, at which time he was released. On 1 August 1991, while still incarcerated, plaintiff filed a complaint and application for writ of habeas corpus, claiming he was jailed unjustly, and praying for injunctive and declaratory relief. By amended complaint, plaintiff abandoned his claim for injunctive relief and sought instead only declaratory relief and expunction of all his records. Pursuant to Rules 12(b)(1) and (6), defendants filed a motion to dismiss which was heard and granted. Plaintiff appeals.

Plaintiff contends the trial court erred in granting defendant's motion to dismiss plaintiff's complaint and application for writ of habeas corpus. Initially, we note that the habeas corpus issue is moot. Plaintiff asserts that the trial court's findings—that plaintiff alleged no actual controversy, that the complaint sought to have the court issue an advisory opinion, and that the court did not have the authority to expunge plaintiff's records—are unsupported by fact and applicable law. Specifically, plaintiff alleges that he was jailed improperly, being unable to attend the 2 July 1991 hearing because he did not have a driveable car and he did not have money to hire a taxicab. He was physically incapable of walking to the courthouse. He had no telephone in his home, but claims he did ask a neighbor to call defendant Godwin and explain why he was unable to attend. Plaintiff also contends defendant Godwin issued the contempt and commitment order without investigating why plaintiff failed to appear. While we might agree with plaintiff that his incarceration under these circumstances was questionable, we perceive this action as nothing more than an impermissible collateral attack on the order of contempt and commitment.

"It is settled law that a judgment which is regular and valid on its face may be set aside only by motion in the original cause in the court in which the judgment was rendered." *Jeffreys v. Snipes*, 45 N.C. App. 76, 262 S.E.2d 290, *disc. rev. denied*, 300 N.C. 197, 269 S.E.2d 624 (1980). Such judgment may not be attacked collaterally or directly by independent action. *Id.*

In the present case, the order of contempt and commitment was a valid court order pursuant to G.S. § 28A-25-4. In contesting this court order, plaintiff's proper course of action would have been to appeal the order itself. Instead, plaintiff attacked the order by seeking declaratory relief and the expunction of his records in a wholly separate action. The trial court had no authority to grant plaintiff the relief sought in that it had no power to collaterally vacate the order of contempt and commitment. Therefore, we find the trial court's dismissal of plaintiff's claim under Rules 12(b)(1) and (6) was proper.

Having determined on the merits that plaintiff may not prevail in this case, we are nevertheless constrained to note our concern that, in a case of this kind, the clerk did not first use her authority under G.S. § 7A-103(4) to compel plaintiff's attendance at a hearing on her show cause order before resorting to the severe imposition of incarceration. We cannot help but surmise that had such attendance first been compelled, incarceration could have been avoided.

Affirmed.

Judges ORR and MARTIN concur.